STEPHEN HARDER *vs.* CITY OF MINNEAPOLIS.

May 8, 1889.

City of Minneapolis—Defective Sidewalk—Notice of Claim Held Sufficient.—In an action for personal injuries occasioned by a defect in a sidewalk, the notice given by the plaintiff, as required by section 20, c. 8, of the charter of the city of Minneapolis, stated that plaintiff, "while passing over a sidewalk upon the south side of Twenty-First street, between Fifteenth and Sixteenth avenues south, * * * at a point near the intersection of said Twenty-First street and said Sixteenth avenue south, * * * fell, and * * * that said fall was caused by a defect in said sidewalk, consisting of a broken plank." As a matter of fact the street named crossed Fifteenth, and terminated at Bloomington avenue, one block east. It did not go through to Sixteenth avenue, which was one block still further east, and the defect complained of was upon the street named, but between Fifteenth and Bloomington avenues. *Held*, that the notice sufficiently designated the place where the injury was received.

Appeal by plaintiff from an order of the district court for Hennepin county, *Young*, J., presiding, refusing a new trial, after a dismissal ordered at the trial at the close of plaintiff's case.

*Gilger & Harrison*, for appellant.

*Robert D. Russell*, for respondent.

COLLINS, J.[1] The single objection suggested by the defendant city to the notice served by the plaintiff upon its mayor, as required by section 20, c. 8, of its charter, (Sp. Laws 1881, c. 76, p. 465,) is that in it the *locus* of the occurrence is not accurately described. The section *supra* provides that the notice must state, among other things, "the place where" the injury was received for which damages are claimed. In this respect the plaintiff insists he has complied with the statute by averring in his notice that "while passing over a sidewalk on the south side of Twenty-First street, between Fifteenth and Sixteenth avenues south in said city of Minneapolis, at a point near the intersection of said Twenty-First street and said Sixteenth avenue south, the undersigned fell, and * * * that said fall was caused by a defect in said sidewalk, consisting of a broken plank." This description seems ample and exact, but in fact the locality which plaintiff attempted to specify was between Fifteenth and Bloomington, instead of between Fifteenth and Sixteenth, avenues. These avenues are parallel with each other, running north and south. The street named crosses Fifteenth at right angles, and thence east one block to Bloomington avenue. It was not opened through the intervening block to Sixteenth upon the east of Bloomington. The plaintiff, when making out his notice, committed the not unnatural mistake of assuming that the next avenue east of Fifteenth was Sixteenth, and for this error—which does not seem to have been discovered by any one until part of the testimony was in—his case has been dismissed.

In *Nichols* v. *City of Minneapolis*, 30 Minn. 545, (16 N. W. Rep. 410,) the manifest object of the provision of the charter now being considered was declared to be that the city might have timely notice of every claim made upon it, and thus be enabled to ascertain the facts, to establish them while witnesses are obtainable, and the occurrence and the condition of the place at the time, fresh in their recollection. It is obvious, then, that a notice which informs the proper authorities of the place with a reasonable certainty, and so that it can be found with reasonable diligence, is sufficient. And a notice

[1] Gilfillan, C. J., absent because of sickness, took no part in the hearing or decision of this case.

of this character ought not to be construed with technical strictness. It is enough if it gives to the officer upon whom it must be served information with substantial certainty as to the place of injury, so as to be of aid to him in investigating the question of the liability of the municipality. *Spellman* v.. *Chicopee,* 131 Mass. 443. And when it conveys the necessary information to the proper person it is good, even though there are some inaccuracies in it. *City of La Crosse* v. *Town of Melrose,* 22 Wis. 459.

With these rules for testing the adequacy of the notice in mind, let us proceed to an examination of it, and see if it contained enough to locate the point where the accident is said to have occurred, and to direct the authorities to it, should they exercise reasonable diligence. With that notice in their hands, and fairly endeavoring to find the place, could they be misled or misguided? If they committed plaintiff's mistake, and supposed Sixteenth to be the first avenue east of Fifteenth, the defect in the sidewalk which caused the injury would have been readily discovered—if it then, or had recently, existed—by those looking for it as they passed along upon the south side of Twenty-First street in the direction of Sixteenth avenue. If so found,—that is, discovered while those searching for it were laboring under plaintiff's misapprehension before referred to,—it is palpable that no one could have been deceived or harmed by the inaccuracy in the notice, nor could the defendant have been injured by the error. The mission—the object—of the notice would have been well accomplished. But, upon the other hand, let us assume that the authorities knew that Twenty-First street did not cross Bloomington avenue, and therefore terminated one block west of Sixteenth,. . that the description of the locality was an impossible one, and then consider what would have been the result had they, armed with the writing, made a reasonable effort to find the place. The notice informed the mayor that the injury was caused by a broken plank in the sidewalk, while plaintiff was passing upon the south side of Twenty-First street, between Fifteenth and Sixteenth avenues. There could be no doubt but that the defect complained of was in the walk upon the south side of the street named, and from a reading of the document it should have been presumed that the plaintiff was going

from Fifteenth avenue in the direction of Sixteenth when he fell. It is also plain that when he was upon Twenty-First, east of Fifteenth, and west of Bloomington, he was also between Fifteenth and Sixteenth avenues. The question, then, is, could the officials have readily and reasonably found the defect in the sidewalk into which plaintiff alleges he fell? Naturally they would have gone to the corner of Twenty-First street and Fifteenth avenue, and pursued their investigations easterly towards Sixteenth upon the south side of the street. Had this been done, the broken plank, if there, would have been found in less than a block. The defect, the cause of plaintiff's injury, unnecessarily set forth by him in his notice, (but which of course assisted in the search very materially,) would have been located with precision, and the purposes of the notice achieved, unless we speculate by assuming that other broken planks may have existed in the same walk, and in the immediate vicinity. Such an assumption would be without foundation undoubtedly, and unjustifiable. It is true that in this notice there was a further statement, which fixed the defect near the intersection of Twenty-First street with Sixteenth avenue, but this we regard as of no particular significance. It was of no consequence if the authorities followed plaintiff in his error. If they did not, the statement could not have served to further mislead them, for the reasons heretofore stated. We are of the opinion that the notice was sufficient under the statute, and in this connection call attention to the fact that the answer admitted that there was a plank sidewalk upon the south side of Twenty-First street between Fifteenth and Sixteenth avenues, and that it did not unqualifiedly deny service of a sufficient notice. A citation of authorities in which alleged defective notices have been held good may be of no value, but we call attention to *Lowe* v. *Clinton*, 133 Mass. 526; *Welch* v. *Gardner*, Id. 529; *McCabe* v. *Cambridge*, 134 Mass. 484; *Lyman* v. *Hampshire*, 138 Mass. 74,—with the remark that in Massachusetts the notice must contain a statement as to the cause of the injuries, not required by defendant's charter. Also, to *Fopper* v. *Town of Wheatland*, 59 Wis. 623, (18 N. W. Rep. 514.)

Order reversed.