PAULSON, Respondent, vs. THE TOWN OF PELICAN, Appellant.

*March 20 — April 9, 1891.*

*Town liable for defects in highway caused by ice: Pleading in action for injury.*

1. A complaint against a town, which alleges that, at a time stated, "and for a long time prior thereto," that portion of a certain street used for foot travel "was in a dangerous and unsafe condition for such travel by reason of the snow and ice having been left negligently to accumulate along" said portion, "and to become so uneven and slippery as to make travel over and along the same unsafe and dangerous;" that it was the duty of the town to keep the same in a reasonably safe condition, but, though knowing of the defect, it had neglected to repair it, and in consequence of such "slippery and unsafe condition" of the street the plaintiff, without fault on his part, fell and broke his leg, states an actionable defect, for the results of which the town is liable.

2. An allegation in such complaint that "the claim had been filed with the town clerk to be laid before the board of audit, and that the next annual town meeting was held more than ten days prior to the commencement of the action," sufficiently shows that the plaintiff has complied with the condition of sec. 824, R. S., in respect to presenting his claim to the town, though it does not state what action the town had taken thereon.

APPEAL from the Circuit Court for *Oneida* County. The case is sufficiently stated in the opinion.

For the appellant there was a brief by *Alban & Barnes*, and oral argument by *John Barnes*. They argued that an accumulation of ice and snow on foot-paths was not a defect for which a town is liable under sec. 1339, R. S. No action would lie therefor at common law. To require towns to remove elevations and fill depressions caused by the falling and drifting of snow, or its melting and freezing, would be an incalculable burden, which the legislature cannot be presumed to have intended to impose. *McKellar v. Detroit*, 57 Mich. 158; *Blair v. Minn. & St. L. R. Co.* 34

Minn. 57; *Chicago v. McGiven*, 78 Ill. 352; *Quincy v. Baker*, 81 Ill. 305. The decisions adverse to this view are based on statutes and climatic conditions different from ours. The *obiter* expression in *Cook v. Milwaukee*, 24 Wis. 270, has been expressly repudiated in *Perkins v. Fond du Lac*, 34 id. 442; *Stilling v. Thorp*, 54 id. 536; *Hill v. Fond du Lac*, 56 id. 248; *Groosenback v. Milwaukee*, 65 id. 31; *Sorenson v. Menasha P. & P. Co.* 56 id. 338. It does not appear in the complaint but that every other portion of the street was in a perfect condition. A town is not bound to keep the whole width so. *Goeltz v. Ashland*, 75 Wis. 642. The complaint should show what disposition, if any, was made of the plaintiff's claim by the town board of audit, or the electors.

For the respondent the cause was submitted on the brief of *Miller & McCormick*.

ORTON, J. This appeal is from an order overruling the demurrer to the complaint, on the ground that it did not state facts sufficient to recover. The following are the main facts stated in the complaint: The unincorporated village of Rhinelander, of over 1,000 inhabitants, is in the town of *Pelican*, and county of Oneida, and lawfully governed by the board of supervisors of said town. In said village is Davenport street, the center of which is used for travel by teams and vehicles, and the south side, next to the south line thereof, is used as a sidewalk for foot-travelers. That portion of said street lying between Brown and Stevens streets is a thoroughfare over which passes nearly all the travel between said streets, and the south side thereof, between said streets, is the thoroughfare over which passes nearly all the foot-travel between said streets.

On the 6th day of March, 1889, and for a long time prior thereto, that portion of said street over which travelers on foot usually and commonly pass, as aforesaid, was in a

dangerous and unsafe condition for such travel by reason of snow and ice having been left negligently to accumulate between said Brown and Stevens streets, and to become so *uneven* and slippery as to make travel over and along the same unsafe and dangerous. It was the duty of the defendant town to keep said street, and the whole thereof, between said points, in a reasonably safe condition for such travel; but it failed and neglected to do so, notwithstanding it had notice of such defective condition, and knew that the same, between said streets, was unsafe and dangerous for travel on foot at the time aforesaid, and for a long time prior thereto had been. On the day aforesaid, and about 8 o'clock in the evening, the plaintiff was traveling over the sidewalk for foot-travel on said street, in a careful manner, and going from said Stevens to Brown street; and when at a point about midway between said streets, owing to the aforesaid *uneven* and slippery condition of said street at that point, he, without any fault on his part, slipped and fell upon such walk, and in such manner that one of his legs was broken, and he was otherwise painfully bruised and injured.

The main ground of the demurrer relied upon by the learned counsel of the appellant, on this appeal from the order, is that snow and ice, in an uneven and slippery condition on the walk, is not such a defect or want of repair as to entitle the plaintiff to recover for a personal injury caused by it. I think that we may reasonably infer, from the condition described in the complaint, that this walk had become uneven from use, by the snow, being more yielding in some places than in others, having sunk lower from the pressure of feet, which left an uneven and frozen surface, on which the traveler would be liable to slip or fall down. Such would not be the natural surface left by the falling snow or by freezing. Such a condition of the walk we understand this court has decided to be such a

Paulson vs. The Town of Pelican.

defect or want of repair that a traveler injured by it might recover, when he could not recover if the defect was simply the natural, even, and smooth surface of ice or snow. It would be analogous to a highway in the summer season, when its use or rains had produced deep ruts or holes, or other rough or uneven surface, dangerous to the traveling public. It would require time and use to make such a condition, and such a defect would not be frequent or common, like that produced solely by snow-storms, or by the freezing of water, or by natural causes. One condition is artificial, and the other natural. I would not say, however, that snow-storms might not make drifts or banks which, if allowed to remain, might not make the town liable for injuries to travelers caused thereby. There is a clear distinction in these conditions, and that is sufficient to make a reasonable distinction as to liability.

This distinction is clearly expressed in *Cook v. Milwaukee*, 24 Wis. 270. " The walk is slippery because of the smooth surface of the snow and ice which had accumulated upon it." Such is not an actionable defect. "If, however, ice or snow is suffered to remain upon a sidewalk in such an uneven and rounded form that a person cannot walk over it, using due care, without danger of falling down, that, it seems, does constitute a defect for which the city or town will be liable." Chief Justice Dixon cites the following cases to this last legal proposition: *Luther v. Worcester*, 97 Mass. 268; *Hutchins v. Boston*, 97 Mass. 272; *Hall v. Lowell*, 10 Cush. 260; *Shea v. Lowell*, 8 Allen, 136; *Payne v. Lowell*, 10 Allen, 147; *Providence v. Clapp*, 17 How. 164. The learned counsel of the appellant contends that this case is not authority, because this statement of the law is *obiter dictum*. The case was one involving only the first-stated condition, and the learned counsel would contend that, when the court had held that the plaintiff could not recover, the case was ended, without stating the condition upon

Paulson vs. The Town of Pelican.

which he might recover. Unless the court wished to decide that there was no liability for any defect caused by the agency of ice or snow, it was necessary to state the limitations of such a defect. The court could not have given a reason for the decision, or made it an intelligible or reasonable one, without stating this well-defined distinction, both in reason and by authority. Such is not *obiter*, but a reasonable and necessary part of the decision. But this decision has been followed by this court in the following cases: *Stilling v. Thorp*, 54 Wis. 528; *Hill v. Fond du Lac*, 56 Wis. 242; *Grossenbach v. Milwaukee*, 65 Wis. 31; *McDonald v. Ashland*, 78 Wis. 251.

In this last case the defect was "that snow and ice were allowed to accumulate on the bridge until a high ridge of ice was formed in the center, sloping to the sides." It has long been the settled doctrine of this court that, if snow or ice has been allowed to accumulate on a way or walk, and to become so rough or uneven as to make it dangerous to those traveling on it, it is such a defect as to make the town liable for injury caused by it to one traveling upon it. The complaint makes a case within the above authorities.

Another ground for demurrer, and for reversing the order appealed from, is that it is not stated in the complaint that the plaintiff's claim had not been allowed by the board of audit, or that the electors had not voted to pay it, or that an order had not been drawn for it, and delivered to the plaintiff. The complaint states "that the claim had been filed with the town clerk, to be laid before the board of audit of said town, and that the annual town meeting next after the filing of such statement, as aforesaid, was held in said town more than ten days prior to the commencement of this action." This allegation embraces all that the statute requires to be done, and in substantially the same language, and that is sufficient. Sec. 824, R. S.

*By the Court.*— The order of the circuit court is affirmed.