## ADA P. McMANUS v. CITY OF DULUTH.[1]

November 19, 1920.

No. 21,905.

**Municipal corporation — liability for ice ridges upon sidewalks.**

1. Where a municipality negligently permits snow and ice to accumulate upon its sidewalks to such an extent and for such time that slippery ridges are formed therein from travel thereon, thus rendering the walks unsafe and dangerous for public use, it renders itself liable for injuries sustained in consequence thereof.

**Same — verdict sustained.**

2. Evidence considered and *held* sufficient to support the verdict, within the rule stated.

[1]Reported in 179 N. W. 906.

**Motion for new trial on court minutes — second application on settled case.**

3. Where an alternative motion for judgment, or for a new trial is made and determined upon the minutes, the court is not required to entertain a second motion, based upon a proposed settled case.

Action in the district court for St. Louis county to recover $630.65 special damages and for $10,000 general damages for personal injuries. The case was tried before Fesler, J., and a jury which returned a verdict for $3,130.65. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*John E. Samuelson, Leonard McHugh* and *M. T. O'Donnell,* for appellant.

*A. E. McManus* and *Benjamin M. Goldberg,* for respondent.

QUINN, J.

Action to recover for personal injuries alleged to have resulted from the negligence of defendant in permitting one of its sidewalks to become out of repair. Plaintiff had a verdict, and from an order denying its alternative motion for judgment or for a new trial, defendant appealed.

It appears that the plaintiff was injured by falling on defendant's sidewalk on East Superior street, February 18, 1919. Her right leg was broken near the ankle, the muscles lacerated, and the small bone torn from the ligaments connecting it with the foot. She claims that her fall and injury were due to the defendant's negligence in permitting snow and ice to accumulate and remain upon the walk until it had thawed and travel upon it had caused it to become ridged, uneven and rough, in which condition it froze and became slippery and dangerous for use by the public. She further claims that snow by the wayside had melted and run onto the walk, had been traveled upon while congealing, and that when frozen it became ridged, uneven and rough and thereby slippery and dangerous to travel over, and so remained through the negligence of defendant for several days prior and up to the time of her fall and injury.

There was testimony offered upon the trial to the effect, if true, that the snow and ice which had so accumulated upon the walk at the place

where the plaintiff fell were several inches in thickness, that the ridges and footprints therein were from one to three inches above the general level of the ice upon the walk, that it was very slippery and dangerous to walk upon, and that it had so remained for some time prior to the time of plaintiff's injury. It is undisputed that the plaintiff, in company with her daughter, at a little before noon of the day in question, started along the walk in a westerly direction; that, as they approached the place of the accident, the daughter went ahead, in passing an icy place; that the plaintiff started to follow her, but soon realized that she was in a slippery and dangerous position and was afraid to proceed for fear of falling; that she undertook to retrace her steps and in so doing her ankle turned and she fell upon her right leg injuring it as above indicated.

The case, as outlined by the proofs offered by the plaintiff, is in line with the facts in Smith v. City of Cloquet, 120 Minn. 50, 139 N. W. 141. In that case it was held that, while mere slipperiness from the accumulation of snow and ice upon a sidewalk of a municipality does not create a liability for injuries received in consequence thereof, yet there may be a liability where the municipality negligently permits an accumulation of snow and ice to such an extent and to remain for such a length of time, that slippery and dangerous ridges and irregularities are formed therein from travel thereon, or other causes, thus rendering the walk unsafe and dangerous for public use. The proofs bring the case at bar within that rule. We agree with the learned court that the testimony made a case for the jury and that it supports the verdict. We discover no fault with the charge to the jury, it was full and complete and fairly submitted the issues.

At the close of the trial defendant made an alternative motion for judgment or for a new trial upon the minutes of the court. On January 5, 1920, an order was filed denying the motion, and a copy thereof served upon the defendant by the clerk. No appeal was taken therefrom within the time fixed by section 8000, G. S. 1913. On March 17 defendant made a second motion for judgment or for a new trial, based upon a proposed settled case. Hearing thereon was objected to, upon the ground that a similar motion had theretofore been made and determined on the minutes of the court. The objection was sustained, except as to an alleged

error in the charge of the court, which was heard and considered on the second motion, and thereafter the motion in that regard was denied. It was the contention of the plaintiff, that all questions raised on the former motion were finally determined by the order of January 5, and that the only question thereafter raised was whether the court erred in giving the charge specified in the assignments of error. In the action of J. I. Case T. M. Co. v. Huffman, 86 Minn. 30, 90 N. W. 5, it was held that, where a motion made upon the court minutes for a new trial was considered and determined, the court is not required to thereafter entertain, de novo, a second motion based upon a settled case. It does not appear from the record that plaintiff caused written notice of the filing of the order of January 5 to be served upon defendant as required by the statute, which was necessary in order to limit the time of appeal, the copy of the order served by the clerk not being sufficient under the practice. As above indicated we find no reversible error in the charge, nor is the verdict in our opinion excessive.

Affirmed.