Action in the municipal court of Minneapolis for restitution of certain premises. The case was tried before Charles L. Smith, J., who ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*Charles E. Schwarg,* for appellants.

*Carsten L. Jacobson,* for respondent.

PER CURIAM.

This is an action in forcible entry and unlawful detainer commenced in the municipal court of Minneapolis to recover possession of premises after an alleged default in a contract of sale. After a trial a decision was filed and judgment for possession was rendered.

The questions argued in appellant's brief all relate to the sufficiency of evidence and to rulings made on the trial. The case was tried without a reporter and no record of testimony was made. There is no bill of exceptions or settled case. In the absence of some record this court has no means of determining the questions sought to be reviewed and the judgment must be affirmed.

---

ESTHER JAFFA v. D. LIBMAN.[1]

June 9, 1922.

No. 22,866.

**Order not appealable.**

Order denying motion for judgment notwithstanding not appealable. [Reporter.]

Action in the district court for Hennepin county to recover $21,500 expenses incurred because of injuries received in an automobile accident and for damages. The case was tried before Hale, J., who when plaintiff rested denied defendant's motion that the action be dismissed on the ground that plaintiff had failed to make out a case and at the close of the testimony his motion for a directed verdict, and a jury which returned a verdict for $1,029. From an order denying his motion for judgment notwithstanding the verdict, defendant appealed. Dismissed.

*Josiah E. Brill* and *William S. Erwin,* for appellant.

*George T. Simpson, John F. Dahl* and *John D. Greathouse,* for respondent.

[1]Reported in 189 N. W. 408.

PER CURIAM.

The appeal is from an order denying a motion for judgment notwithstanding the verdict. The order is not appealable. 2 Dunnell, Minn. Dig. § 5084.

The appeal is dismissed.

---

## FLOODWOOD MERCANTILE COMPANY v. FRANK L. MAGIE, SHERIFF.[1]

June 16, 1922.

No. 22,777.

**Sale of pulpwood—appropriation—passing of title.**

M. contracted to cut from his land, sell and deliver pulpwood to plaintiff on cars. Wood was cut, hauled and piled on railroad right of way ready for inspection and sorting and then for loading on cars by seller. Plaintiff advanced provisions to M. and paid for the labor of cutting the wood. Defendant sheriff levied on and sold the wood as property of M.— Action for conversion—Finding that the wood was appropriated to the contract when it was piled at the railroad, that title passed when the property was definitely ascertained (Laws 1917, c. 465), and plaintiff was entitled to judgment, affirmed on appeal. [Reporter.]

Action in the district court for St. Louis county to recover $500 the value of 22 double cords of pulpwood. The case was tried before Cant, J., who when plaintiff rested denied defendant's motion to dismiss the action upon the ground that plaintiff had failed to establish any title or ownership of the property which was the basis of the suit, made findings and as conclusions of law found that the seizure of the pulpwood constituted conversion and was unlawful and that plaintiff recover $354.12. From an order denying his motion for amended findings and conclusions or for a new trial, defendant appealed. Affirmed.

*McCoy & Hansen,* for appellant.

*Gearhart & d'Autremont,* for respondent.

PER CURIAM.

Action to recover the value of 22 double cords of pulpwood, alleged to have been unlawfully levied upon and sold by the defendant, as sheriff of

[1]Reported in 188 N. W. 734.