RANDALL, Appellant, v. CITY OF HOT SPRINGS, Respondent.

(199 N. W. 40.)

(File No. 5155.   Opinion filed May 15, 1924.)

**Municipal Corporations—Pleadings—Complaint—Damages—Complaint for Injuries from Fall on Icy Sidewalk Held to State Cause of Action.**

Complaint, alleging injuries from city's negligence in permitting mass of ice approximately six inches high in center of sidewalk, tapering down on either side to uneven surface two inches thick, that preceding date of plaintiff's injuries there had been several falls of snow, which had been permitted to accumulate and freeze on sidewalk, and five days before injury snow had fallen, which thereafter melted and froze, **held** to state cause of action.

Appeal from Circuit Court, Fall River County; Hon. WALTER G. MISER, Judge.

Action by Sarah P. Randall against the City of Hot Springs. From order sustaining demurrer to complaint, plaintiff appeals. Reversed and remanded.

*Helm & Lewis,* of Hot Springs, for Appellant.

*E. W. Martin,* of Hot Springs, for Respondent.

Appellant cited: 28 Cyc. 1341-2; Larson v. City of Grand Forks (Dak.); 19 N. W. 414; Section. 1959, Rev Code 1919; Jackson v. Grand Forks (N. D.), 140 N. W. 718; Perkins v. Fon Du Lac, 35 Wis. 435; Grossenbach v. Milwaukee, 65 Wis. 31, 26 N. W. 182, 56 Am. Rep. 614; Chamberlain v. Oskosh, 84 Wis. 289, 19 L. R. A. 513, 36 Am. St. Rep. 928, 54 N. W. 618; 15 Am. & Eng. Enc. Law, 2nd ed. 447; Paulson v. Pelican, 79 Wis. 445, 48 N. W. 715; Collins v. Council Bluffs, 101 Ia. 33, 36 L. R. A. 211, 69 N. W. 1130; Templin v. Boone, 127 Ia. 91; Tobin v. Waterloo, 131 Ia. 75, 107 N. W. 1031; Storm v. Butte, 35 Mont. 385, 89 Pac. 726; Smith v. Spokane, 16 Wash. 403, 47 Pac. 888; Calder v. Walla Walla, 6 Wash. 377, 33 Pac. 1054; Ziegler v. Spokane, 25 Wash. 439, 65 Pac. 752; Bull v. Spokane (Wash.), 89 Pac. 555; Broburg v. Des Moines (Ia.), 19 N. W. 340; Huston v. Council Bluffs, 101 Ia. 33, 69 N. W. 1130; Hodges v. Waterloo (Ia.), 80 N. W. 523; Templin v. Boone (Ia.), 102 N. W. 789; West v. Eau Claire (Wis.), 61 N. W. 313; Dempsey v. Dubuque (Ia.), 132 N. W. 758; Griffin v. City of Marion (Ia.), 144 N. W 1011; McAuley v. Boston, 113 Miss. 503; Cook v. City, 24 Wis. 270, 1 Am. Rep. 183; Smith v. City of Cloquet (Minn.), 139 N. W. 141; Elam v. City of Mt. Sterling (Ky.), 20 L. R. A. (N. S.) 656; McManus v. Duluth (Minn.), 179 N. W. 906; Jackson v. Kansas City (Mo.), 167 S. W. 1150; Reno v. St. Joseph (Mo.), 70 S. W. 123; Smith v. Yankton (S. D.), 121 N. W. 848; Rowe v. Richards (S. D.), 142 N. W. 664.

Respondent cited: Keen v. City of Mitchell, 37 S. D. 247; Lyon v. Logansport, 32 N. E. 582; White, Negligence of Municipal Corporations, Sec. 500; Dillon, Municipal Corporations (4th Ed.), Sec. 1006; Wilson v. Idaho Falls, 105 Pac. 1057; Harrington v. Buffalo (N. Y.), 24 N. E. 186; Dapper v. Milwaukee (Wis.), 82 N. W. 725; Chase v. City of Cleveland (Ohio), 9 N. E. 225; McDonald, 63 Fed. 60; Mayo v. Baraga (Mich.), 144 N. W. 517; Nomack v. Tuttle, 76 N. E. 617; Williams v. New York

(N. Y.), 108 N. W. 448; Henkes v. Minneapolis (Minn.), 44 N. W. 1024.

DILLON, J.   This appeal is here on the sufficiency of the complaint tested by a demurrer.   The court sustained defendant's demurrer to plaintiff's complaint.   From this order plaintiff appeals.   The main facts developed by the complaint are as follows:

That the defendant is a municipal corporation, and operates under and by virtue of a city charter and code of ordinances passed and in force.   That defendant constructed and maintained a system of sidewalks upon its streets, and there devolved upon the defendant the duty of keeping and maintaining the sidewalks in a reasonably safe condition for public travel by pedestrians. That notwithstanding its duties in that respect, and in violation thereof, the defendant did negligently and carelessly permit, after notice thereof, the said sidewalk to be and become in a dangerous and unsafe condition for public travel by pedestrians.   That on the 2d day of February, 1922, said sidewalk in front of the Home Hotel on the west side of Chicago avenue was in a defective, unsafe, dangerous, and obstructed condition by reason of the negligence of the defendant.   That the city authorities had negligently and carelessly permitted to remain upon said walk a mass and covering of ice and snow, which was bumpy, uneven, rough and in some places slippery, and which covered all of said sidewalk. The accumulated snow and ice upon the center of said sidewalk was approximately six inches high, and tapered down to a rough, uneven surface two inches thick on either side of said sidewalk, covering all of said sidewalk, and making it bumpy, lumpy, slippery, uneven, and dangerous to travel upon.

That during the three months preceding the 2d day of February, 1922, there had been several falls of snow in said defendant's city, and particularly upon said sidewalk where said plaintiff was injured, and said falls of snow had all been permitted to accumulate and congeal and freeze, forming a hard, uneven, bumpy, lumpy, slippery substance upon said sidewalk, and that on or about the 28th of January, 1922, and being five days prior to the injuries hereinafter complained of, a snow had fallen in the said defendant's city, and had covered the frozen snow and ice already accumulated on said sidewalk with more snow, and which had thereafter melted and frozen alternately until it constituted the

frozen mass of bumpy, lumpy, uneven, slippery ice and snow hereinbefore described on said sidewalk in front of the Home Hotel.

That defendant had due notice and knowledge of all the foregoing facts and conditions.

That on the evening of the 2d day of February, 1922, this plaintiff was lawfully traveling upon the said sidewalk on foot in a careful manner and without any negligence, when at said place, owing to the defective and unsafe condition of said sidewalk, which was a mass of ice and frozen snow hereinbefore described, this plaintiff slipped and fell, and was thrown and precipitated to the sidewalk and on the ice thereon, and suffered the injuries set forth and crippled for life. That on the 10th day of February, 1922, the plaintiff served a notice of such injuries on the defendant as required by law.

Respondent contends that the numerous separated additions in this city, with sparse settlements in each, would make it impossible for the city to maintain its system of walks and be required to respond in damages. This contention overlooks the fact that the injury took place in front of the Home Hotel, No. 318, Chicago avenue, where a great number of pedestrians, and especially the plaintiff, often traveled. This case is distinguished from a case where injury takes place on smooth ice, and is one where the ice in the center of the walk was six inches higher than the outer edge to which it slanted in lumps and bumps to two inches in depth, also this condition had existed a sufficient length of time to impart knowledge to the officers of the city. 28 Cyc. pp. 1341 and 1342; Jackson v. Grand Forks, 24 N. D. 601, 140 N. W. 718, 45 L. R. A. (N. S.) 75; Grossenbach v. Milwaukee, 65 Wis. 31, 26 N. W. 182, 56 Am. Rep. 614; Salzer v. Milwaukee, 97 Wis. 471, 73 N. W. 20; Paulson v. Pelican, 79 Wis. 445, 48 N. W. 715; Rose v. Ft. Dodge, 180 Iowa 331, 155 N. W. 171; McManus v. Duluth, 147 Minn. 200, 179 N. W. 906; Smith v. Yankton, 23 S. D. 352, 121 N. W. 848; Rowe v. Richards, 32 S. D. 66, 142 N. W. 664, L. R. A. 1915E, 1069.

We hold the complaint stated facts sufficient to constitute a cause of action. The order sustaining the demurrer is reversed, and the cause remanded.

Note.—Reported in 199 N. W. 40. See, Headnote, American Key-Numbered Digest, Municipal corporations, Key-No. 771, 28 Cyc. 1465, 13 R. C. L. 411, 325, 258.