## LOTTIE McCLAIN v. CITY OF DULUTH.[1]

May 8, 1925,

No. 24,559.

**Ridges of slippery ice on sidewalk.**
    1.  The evidence warranted the jury in finding that there were ridges of ice on a sidewalk on which plaintiff slipped and fell.

**Statutory notice of injury sufficiently definite.**
    2.  The notice of injury described the place where plaintiff fell with sufficient definiteness and certainty.

**Fall of plaintiff due to slipping on ice ridges.**
    3.  The jury might properly conclude from the evidence that plaintiff fell because she slipped on one of the ridges of ice.

**Failure of city after notice to remedy condition of walk made it negligent.**
    4.  The evidence would warrant the jury in finding that the city had constructive notice of the dangerous condition of the sidewalk at least six days before plaintiff was injured and that the failure to remedy the condition was negligence which charged the city with liability.

**Question for jury.**
    5.  Whether the plaintiff was guilty of contributory negligence was a question for the jury.

**Damages not excessive.**
    6.  The verdict was not excessive.

**Question for jury whether injuries were permanent.**
    7.  In view of the fact that at the time of the trial plaintiff had not fully recovered from the effects of the accident, the court properly

[1]Reported in 203 N. W. 776.

permitted the jury to determine whether she had suffered permanent injuries.

1. See Municipal Corporations, 28 Cyc. p. 1494.
2. See Municipal Corporations, 28 Cyc. p. 1456.
3. See Municipal Corporations, 28 Cyc. p. 1496.
4. See Municipal Corporations, 28 Cyc. p. 1498.
5. See Municipal Corporations, 28 Cyc. p. 1510.
6. See Damages, 17 C. J. p. 1119, § 460.
7. See Damages, 17 C. J. p. 1059, § 361; p. 1078, § 383.

Action in the district court for St. Louis county. The case was tried before Fesler, J., and a jury which returned a verdict for $3,000. Defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*John B. Richards*, City Attorney, for appellant.

*Victor L. Power*, for respondent.

LEES, C.

On December 7, 1922, plaintiff was injured when she slipped and fell on a sidewalk in Duluth. She sued the city, alleging that it had negligently allowed snow and ice to accumulate on the sidewalk in uneven slippery ridges. The answer was a general denial coupled with an allegation of contributory negligence. The trial resulted in a verdict for plaintiff for $3,000, and the city has appealed from a denial of its motion in the alternative for judgment or a new trial.

The sufficiency of the evidence to support the verdict is the principal question presented.

1. The sidewalk is located on the east side of Fifth avenue south between Fourth and Fifth streets, and is laid on a steep grade. To give pedestrians a better footing, cleats were nailed to the walk. They were 20 inches in length, 1 inch in thickness, and about 20 inches apart.

In addition to the plaintiff, three witnesses testified as to the condition of the sidewalk. The plaintiff described it as "very rough and ridgy," the ridges being formed by the cleats, over which melted snow had frozen. She testified that snow was falling as she "picked her way" down the incline and that she slipped and fell, but she did not locate the spot where she fell.

Her first witness had attempted to walk over the sidewalk on December 5 and described it as "filled between the cleats with snow and ice, smooth in places and rough and uneven in other places."

Her second witness saw the sidewalk on December 3 and described it as covered with "snow and ice together, very slippery and bumpy, very ridged."

Her third witness passed over the sidewalk on December 1, 2 and 5. He said that on each occasion he found it slippery and "ridgy" with "hummocks" raised all the way from 2½ to 4 inches, that the ridges were over the cleats and that the snow had melted and the water, in running down the sidewalk, had frozen.

To meet this showing, the city called Mr. Richardson, who is in charge of the Duluth office of the United States Weather Bureau. He produced his record of the daily temperature and precipitation from November 14 to December 8, 1922. Referring to the record, he testified that on November 30 there was only a trace of snow on the ground; that there was no precipitation on December 1, 2 or 3; that 3/10 of an inch of snow fell on December 4, none on December 5, 2½ inches on December 6 and 3 inches on December 7. It appeared that during the first seven days of December the temperature ranged from 4 degrees below zero to 38 degrees above; that rain fell on November 17 and 18; that on November 18 and 19 snow fell to the depth of 3 inches; that there was a light fall of snow on November 23, another on November 27, and a fall of rain and snow on November 30.

The snowfall is measured by a gauge at the weather observatory. The gauge is 30 inches in height and diameter with an 8 inch opening, and the depth of the snow is measured in the gauge. The observatory is above and about 500 feet from the place of the accident.

Three witnesses for the city, who were familiar with the sidewalk and used it daily at the time in question, testified that they experienced no difficulty in walking over it and observed no ridges or lumps of ice or snow upon it. Their testimony directly contradicted plaintiff and her witnesses on this point.

The sidewalk slopes to the south. It is a matter of common knowledge that snow on a south-facing incline melts faster than it does elsewhere, also that the sweep of the wind will cause the depth of snow to vary in places in close proximity, just as the degree of exposure to the sun will affect melting or freezing. It is possible that snow had accumulated on the sidewalk to a greater depth than would be shown by the gauge at the observatory and that, as it melted, the water ran down the sidewalk and was held back by the cleats and froze over them when the temperature fell; and it is a matter of common knowledge that a ridge of ice, though exposed to the sun's rays, will not melt nearly so rapidly as loose snow.

In denying the motion for a new trial, Judge Fesler said:

"While it is impossible to harmonize the testimony of several of plaintiff's witnesses with the testimony of Mr. Richardson, the jury had sufficient testimony before it to sustain the verdict."

We reach the same conclusion and hold that the jury might find from the evidence that the sidewalk was in the condition described by plaintiff's witnesses, and, if it was and the city had notice of it, actionable negligence was established. Roberts v. Village of Buhl, 160 Minn. 398, 200 N. W. 354, and cases cited.

2. The notice to the city fixed the place where plaintiff fell as the sidewalk on Fifth avenue west in the block between Fourth and Fifth streets, more particularly described as the vacant ground adjoining and part of the property known as Munger Terrace. An apartment house at Fifth avenue west and Fifth street also bears this name. The building does not occupy all of the lots on which it stands. The ruling in Kandelin v. City of Ely, 110 Minn. 55, 124 N. W. 449, and Anderson v. City of Minneapolis, 138 Minn. 350, 165 N. W. 134, leads to the conclusion that the description of the place of the accident was not too indefinite and uncertain.

3. The point is made that no witnesses identified the exact place where plaintiff fell and that she herself nowhere said that she slipped on any particular ridge of snow or ice, her only statement being that she slipped and fell. In view of the fact that all her witnesses agreed that the entire sidewalk was in the condition de-

scribed, the jury might properly conclude that she fell because she slipped on one of the ridges of ice upon it. Smith v. City of Cloquet, 120 Minn. 50, 139 N. W. 141.

4. The contention that the city was not chargeable with notice of the condition of the sidewalk cannot be sustained. The evidence produced by plaintiff would justify the jury in finding that the condition existed as early as December 1. The place of injury is not in an outlying district, but in the central portion of the city. If the icy ridges were on the sidewalk from December 1 to December 7, the city should have discovered and removed them before the accident happened.

5. The contention that, as a matter of law, plaintiff was guilty of contributory negligence because she did not leave the sidewalk and take the road where she would have had a safer footing cannot be sustained. In a measure the snow falling at the time of the accident would conceal the danger, and the jury might find that plaintiff did not know that she could not safely walk on the sidewalk.

6. The damages are not excessive. As a result of the accident plaintiff, a married woman, suffered a miscarriage. Her physician described the after-consequence as painful and serious. She incurred some expense for medical and hospital services. The trial judge saw no occasion to cut down the amount of the verdict and neither do we. See Morris v. St. Paul City Ry. Co. 105 Minn. 276, 117 N. W. 500, 17 L. R. A. (N. S.) 598.

7. The court instructed the jury as follows:

"If you are of the opinion that as the result of the accident you can reasonably say that she has some permanent injury * * * she is entitled to recover * * * for any permanent injury which she sustained."

No physician testified that plaintiff's injuries were of a permanent nature, but it appeared that at the time of the trial she had not fully recovered from the effects of the accident. In this situation, there was no error in giving the instruction complained of. Johnson v. N. P. R. Co. 47 Minn. 430, 50 N. W. 473.

Order affirmed.