## KATIE A. BOYD v. CITY OF DULUTH.[1]

June 26, 1925.

No. 24,573.

**Evidence showed sidewalk was defective in having ridges of ice.**
The evidence warranted the jury in finding that a sidewalk at the place where the plaintiff fell and was injured was defective in that it was rough and had ridges of ice from 2 to 4 inches in height.

See Municipal Corporations, 28 Cyc. pp. 1453, 1494.

---

See notes in 13 L. R. A. (N. S.) 1105; 45 L. R. A. (N. S.) 75; 13 A. L. R. 29; 13 R. C. L. 412; 3 R. C. L. Supp. 52; 4 R. C. L. Supp. 814.

[1]Reported in 204 N. W. 562.

Action in district court for St. Louis county. The case was tried before Fesler, J., and a jury which returned a verdict for plaintiff. Defendant appealed from an order denying its motion for a new trial. Affirmed.

*John B. Richards* and *Charles C. Teare*, for appellant.

*Lewis & Hunt, Harry W. Lanners* and *Nelson W. Mongrain*, for respondent.

LEES, C.

Plaintiff was injured by a fall on a slippery sidewalk in the city of Duluth and brought this action for damages. She recovered a verdict of $5,000, which the trial court reduced to $3,000. She consented to the reduction and the city has appealed from an order denying its motion for a new trial.

The original assignments of error were defective, but have been amended and, as amended, present only this question: Is the verdict supported by the evidence?

The city contends that it is not and that photographs of the sidewalk taken on the day following the accident and the testimony of the assistant city attorney, who examined the sidewalk at that time, demonstrate to a reasonable certainty that there were no ridges of ice or snow on the sidewalk; that the snow which covered the walk had been tramped down evenly, leaving no depressions or elevations of any consequence; and that the case falls within the rule approved in Henkes v. City of Minneapolis, 42 Minn. 530, 44 N. W. 1026, that mere slipperiness of a sidewalk caused by ice or snow is not a defect for which a city is liable.

If there had been no other evidence as to the condition of the walk, the city's contention could not be successfully controverted, but there was evidence in direct opposition. The photographs were examined by a photographer with a lens through which he could look back into the pictures to determine the elevations and depressions they showed. He testified that, when thus examined, ridges from 1½ to 4 inches in height were disclosed. There was also the testimony of the plaintiff and several other witnesses that at the time

of the accident the ice on the sidewalk was very rough and had ridges which were anywhere from 2 to 4 inches in height; that the conditions were such that pedestrians walked on the "tree bank" instead of the sidewalk, and that these conditions had existed for 2 or 3 weeks immediately preceding the time of the accident.

In this state of the evidence the jury might properly find that the city had allowed the sidewalk to become dangerous for travel and that liability to the plaintiff had been established.

Assuming the truth of the evidence produced by plaintiff, the case is in the same class as Smith v. City of Cloquet, 120 Minn. 50, 139 N. W. 141; McManus v. City of Duluth, 147 Minn. 200, 179 N. W. 906; and McClain v. City of Duluth, 163 Minn. 198, 203 N. W. 776.

Order affirmed.

Mr. Justice Holt took no part.