## LETA E. MORAN v. VILLAGE OF HIBBING.[1]

January 27, 1928.

No. 26,560.

**Directed verdict for defendant was properly denied.**

    1.   On the record in this case, the refusal of the court to direct a verdict for the defendant on the ground that the evidence conclusively shows defendant not guilty of negligence. was proper.

**Question of plaintiff's contributory negligence was for jury.**

    2.   The question of plaintiff's contributory negligence was properly submitted to the jury against defendant's contention that the evidence shows conclusively that plaintiff was thus guilty, and that it was a matter of law for the court.

**Statutory notice of injury was sufficient.**

    3.   The notice to the municipality of the injury was sufficiently definite to apprise defendant of the place of the accident.

**In absence of exception, charge cannot be questioned first on appeal.**

    4.   Where no exceptions are taken to the charge of the court at the time it is given and the motion for a new trial claims no error therein, the correctness of the charge cannot be questioned for the first time on appeal.

Appeal and Error, 3 C. J. p. 912 n. 95; p. 980 n. 70.
Municipal Corporations, 43 C. J. p. 1198 n. 92; p. 1279 n. 85; p. 1293 n. 48.

See note in 13 L.R.A.(N.S.) 1261; 21 L.R.A.(N.S.) 675; 48 L.R.A.(N.S.) 640; 13 R. C. L. 521; 3 R. C. L. Supp. 60.
See 13 R. C. L. 521.

Defendant appealed from a judgment of the district court for St. Louis county, Fesler, J.   Affirmed.

*C. G. Anderson* and *Gustaf E. Drake,* for appellant.

*Gannon, Strizich & Farnand,* for respondent.

[1]Reported in 217 N. W. 495.

HILTON, J.

Action to recover for personal injuries occasioned by a fall on one of defendant's streets.

Errors assigned on appeal are: (1) Failure to direct verdict on the ground that the evidence conclusively shows defendant not guilty of negligence; (2) in submitting question of plaintiff's contributory negligence to the jury on the ground that the evidence shows conclusively that plaintiff was guilty of contributory negligence—hence a matter of law for the court; (3) in ruling that notice of injury required by law to be given sufficiently designated the place of accident and that there was no prejudicial variance between notice and proofs; (4) certain errors in charge as to duty of village.

This appeal is from a judgment based upon a verdict of the jury awarding $700. No objection is made to the amount of the verdict.

1-2. Alice street in Hibbing runs east and west. It intersects Second avenue which runs north and south. Respondent was 36 years of age, wife of a laboring man employed at times in the mines. Respondent and her husband were out walking on the evening in question and finally came to Second avenue. They then proceeded southerly four blocks on the west side of Second avenue to its intersection with Alice street, walking on a cement sidewalk. There was no crosswalk over Alice street at this intersection, but the cement sidewalk continued southward from the southwest intersection of the two streets. South of the end of the cement walk at the northwest intersection, and where the accident occurred, were two small ditches on a direct line with such sidewalk. Each ditch was about a foot in depth and one somewhat wider than the other. Grass and debris had collected in both ditches. These two ditches had been constructed by the village for general drainage purposes in that locality.

The court in its memorandum stated:

"The building of the two sidewalks north and south of Alice street, on the west side of the avenue, in the usual location of a sidewalk, was an invitation to pedestrians to cross Alice street on the line of the sidewalks, and imposed upon the village the duty to use reason-

able care to maintain the crossing in a safe condition for public travel.

"The evidence was sufficient to sustain a verdict on the ground of negligence, and did not necessarily hold the village liable as an insurer."

We agree with this statement. 4 Dunnell, Minn. Dig. (2 ed.) § 6818; Hillstrom v. City of St. Paul, 134 Minn. 451, 159 N. W. 1076, L. R. A. 1917B, 548.

Respondent and her husband had lived in Hibbing for ten years and for three years had lived on Alice street, about 150 feet from the place of accident. Respondent testified that she was unaware of the existence of the ditches; that she had not walked on this street in that locality to any extent; that she had never before gone over the spot where the accident occurred and did not apprehend the danger because of the conditions. It was dark at 9:30 p. m. on May 6, 1926, when the accident occurred. Respondent stepped off the end of the sidewalk and into one ditch and fell violently forward into the other ditch, striking on her head and shoulders.

We have carefully examined the evidence. A request for a directed verdict in favor of the defendant was properly denied. On the record in this case the question as to the negligence of the village and as to whether respondent had been guilty of contributory negligence were questions for the jury. The verdict on which the judgment was entered is amply supported by the evidence.

3. The notice of injury served upon the village of Hibbing erroneously mentioned the northeast corner of Second avenue and Alice street as the place of the accident instead of the northwest corner of such intersection. It did however make reference to the "corner between the end of the cement sidewalk on the westerly side of Second avenue and Alice street, which runs in an east and west direction." The notice was sufficiently definite to accomplish the purpose intended.

"Its purpose [that of the notice] is served if it directs the proper authorities to the place of the accident, so that they may intelligently investigate and pass on any claims arising therefrom, and,

if necessary, prepare for the defense in a suit." O'Brien v. City of St. Paul, 116 Minn. 249, 133 N. W. 981, Ann. Cas. 1913A, 668.

We agree with the following statement of the trial judge in his memorandum:

"While the mistake in the first reference to the place of the accident, given in the notice of claim, might, standing alone, be fatal, the subsequent description by reference to the sidewalk on the west side of the street calls attention to the right corner. And, from the thorough preparation of the defendant at the trial, it appears plain that the error in the notice did not actually mislead defendant."

4. Complaint is made here for the first time as to certain portions of the charge of the court which it is contended placed an absolute duty as an insurer on the village. Even if isolated portions of the charge of the court might tend so to indicate, the charge taken as a whole does not. The court expressly says in one part of the charge:

"The village is not an insurer of the safety of its sidewalks or streets. Its duty is to exercise reasonable care to maintain them in safe condition for public travel."

However, no exceptions were taken at the trial to any part of the charge of the court, nor was any error alleged in such charge in the motion for judgment notwithstanding the verdict or for a new trial. Such claimed errors will not be considered in this court where raised here for the first time. Barthelemy v. Foley Elev. Co. 141 Minn. 423, 170 N. W. 513.

Affirmed.