## IDA NIEMI v. VILLAGE OF HIBBING.[1]

October 5, 1928.

No. 26,901.

**Statutory notice of claim for injury.**
    1. The notice given of the accident stated that it happened on the sidewalk in front of No. 2127 on First avenue. *Held* sufficient although it misstated the distance from a cross-street.

**Amendment of answer denied.**
    2. The refusal to permit defendant to amend its answer was within the discretion of the court.

**Verdict sustained.**
    3. The verdict is sustained by the evidence.

Municipal Corporations, 43 C. J. p. 1198 n. 92; p. 1283 n. 98.
Pleading, 31 Cyc. p. 368 n. 9.

See 19 R. C. L. 1044; 7 R. C. L. Supp. 649.

Defendant appealed from a judgment of the district court for St. Louis county, Magney, J. awarding plaintiff $800 pursuant to a verdict rendered in her favor in an action for personal injuries. Affirmed.

*Anderson & Reed,* for appellant.
*Gannon, Strizich & Farnand,* for respondent.

TAYLOR, C.

Plaintiff recovered a verdict of $800 for injuries sustained in a fall on an icy sidewalk in the village of Hibbing. Defendant made the usual alternative motion for judgment non obstante or for a new trial. Both motions were denied. Judgment was entered on the verdict, and defendant appealed.

The assignments of error present three questions: (1) That the notice of the accident served on the village recorder and presented by him to the village council was ambiguous and insufficient; (2) that the court erred in denying defendant's motion to amend its

[1]Reported in 221 N. W. 241.

answer; and (3) that the evidence will not justify a finding of negligence on the part of the village.

1. The notice stated that the accident occurred on the sidewalk on the west side of First avenue in the village of Hibbing at a point "almost directly in front of the premises known and described as 2127 First Avenue, which said point and place is about two hundred (200) feet south of Howard Street." The accident happened in front of the designated building, but this building, by actual measurement, is 479 feet south of Howard street. The discrepancy between the distance stated and the actual distance from Howard street is the objection urged to the notice. As the place was definitely and correctly located by reference to the building, we think that the village could not have been misled by the error in stating the distance from the cross-street, and that the notice was sufficient under the numerous cases cited in 4 Dunnell, Minn. Dig. (2 ed.) § 6739.

2. The answer denied negligence on the part of defendant and alleged contributory negligence on the part of plaintiff. It appeared that plaintiff's husband occupied the front room of No. 2127 as a shop in which he repaired shoes, and that he and plaintiff occupied rooms in the rear of the shop as a residence. After plaintiff had rested and defendant had presented some of its evidence, defendant made a motion to amend its answer by alleging in substance that plaintiff had failed to remove the snow and ice on the sidewalk in front of the building as required by an ordinance of the village, the announced purpose of the amendment being to enable defendant to put the ordinance in evidence. It was clearly within the discretion of the court to refuse to allow such an amendment offered at that stage of the trial. 5 Dunnell, Minn. Dig. (2 ed.) § 7696, and cases cited. It was not claimed that failure to comply with the ordinance relieved the village from liability, but merely that the ordinance had a bearing on the question of plaintiff's contributory negligence.

3. There was evidence from which the jury could find that the sidewalk at the place of the accident was covered with ice and snow several inches in depth; that travel over it had caused the

formation of slippery and dangerous ridges, depressions and irregularities; and that this condition had existed for a week or more. The evidence was sufficient to make the question of defendant's negligence a question for the jury. Wright v. City of St. Cloud, 54 Minn. 94, 55 N. W. 819; Smith v. City of Cloquet, 120 Minn. 50, 139 N. W. 141; McClain v. City of Duluth, 163 Minn. 198, 203 N. W. 776. While the claim of contributory negligence and the claim that the verdict is excessive are discussed to some extent in the briefs, neither of these questions is presented by the assignments of error, and an examination of the record satisfies us that these claims, even if properly presented, could not be sustained.

Judgment affirmed.