## ADDIE WOODRING v. CITY OF DULUTH.[1]

October 31, 1947.

No. 34,613.

*Harry E. Weinberg,* City Attorney, and *Harry T. Lathrop,* Assistant City Attorney, for appellant.

*Fred F. Weddel* and *Thorwald Hansen,* for respondent.

MATSON, JUSTICE.

Appeal from a judgment for the plaintiff in a personal injury action. Originally the appeal was erroneously taken from the order denying defendant's motion for judgment *non obstante,* a nonappealable order (Jaffa v. Libman, 152 Minn. 553, 189 N. W. 408), but, upon stipulation of the parties, judgment was subsequently entered and the appeal perfected therefrom. Thereupon the case was sub-

---

[1]Reported in 29 N. W. (2d) 484.

mitted to this court for determination upon the record and briefs filed in connection with the original appeal.

On the afternoon of December 15, 1943, plaintiff, an elderly woman and a resident of Duluth, as a part of her usual daily chore, took her sister's dog out for exercise and airing. While proceeding east on Fourth street near its intersection with Twenty-fifth avenue east in said city, the dog ran ahead and across the street to join four or five other dogs who were holding a reunion. Plaintiff, who wished to keep the dog in sight, quickened her pace, and just before she was about to step off the curb to cross Twenty-fifth avenue she slipped, fell, and broke her hip. At this location the intersecting sidewalk slopes toward the curb, which is rounded at the corner. The curb is about one and one-half to two inches higher than the sidewalk surface and thus serves as an artificial barrier whereby water and snow are held back and impounded. Changing weather conditions for some weeks prior to the accident had brought about recurrent periods of freezing and thawing. Where plaintiff fell, namely, the sidewalk area immediately contiguous to the corner and bounded by the curb protruding above the sidewalk level, snow and slush had accumulated and had been converted by the alternate periods of freezing and thawing into a sheet of ice of sufficient thickness to conceal the curb itself. During the periods of thawing, pedestrians had left heel marks as deep as three-fourths of an inch and shoe-sole imprints varying in depth from one-fourth to one-half an inch. In passing each other, pedestrians had created two paths of travel, so that an uneven ridge or hummock of ice was formed in between. Each path was marked with footprints and heel marks, which formed an irregular and treacherous surface for a person on foot.

Defendant contends, however, that the evidence as a whole establishes that the icy surface upon which plaintiff fell was merely glare ice and did not present a dangerous condition to a person on foot other than that of mere slipperiness. In other words, defendant seeks to bring the instant case within the rule of Henkes v. City of Minne-

apolis, 42 Minn. 530, 531, 44 N. W. 1026, 1027, wherein the court said:

"* * * An unbroken line of authorities holds that mere slipperiness of a sidewalk by either ice or snow is not a defect for which cities are liable; that their obligation to keep their streets in a safe condition does not extend to the removal of ice which constitutes no other defect than slipperiness."[2]

The evidence was conflicting, but taking the view thereof most favorable to the verdict, as we must, it becomes obvious that there was ample evidence upon which the jury could reasonably find that the surface where water had been impounded by the curb to a depth of about two inches had frozen into an accumulation of slippery and dangerous ridges, depressions, and irregularities, hazardous to foot travel. No purpose will be served by a detailed review of the testimony. Under the circumstances here, it is unnecessary for us to discuss or determine the liability that might arise from mere slipperiness where such slipperiness pertains to ice formed from water that has been impounded by an artificial barrier such as a curb that rises above the sidewalk level.[3]

In the instant case, there is credible evidence that the heel marks and footprints had left dangerous ridges, depressions, and irregularities in the surface and that an irregular hummock existed between the two paths formed by foot travel. Clearly applicable is the rule that a municipality is liable for injuries if it negligently permits an accumulation of ice and snow to remain on a sidewalk for such a length of time as to cause the formation thereon of slippery and dangerous ridges, hummocks, depressions, and irregularities. Niemi v. Village of Hibbing, 175 Minn. 366, 221 N. W. 241;

[2]Kelleher v. City of West St. Paul, 193 Minn. 487, 258 N. W. 834; 4 Dunnell, Dig. & Supp. § 6829, and cases cited under note 87.

[3]See, Nichols v. Village of Buhl, 152 Minn. 494, 193 N. W. 28; Roberts v. Village of Buhl, 160 Minn. 398, 200 N. W. 354; Kelleher v. City of West St. Paul, 193 Minn. 487, 490, 258 N. W. 834, 835; Squillace v. Village of Mountain Iron, 223 Minn. 8, 26 N. W. (2d) 197; 21 Minn. L. Rev. 708; 26 Minn. L. Rev. 509, 616.

see, Slindee v. City of St. Paul, 219 Minn. 428, 18 N. W. (2d) 128; 4 Dunnell, Dig. & Supp. § 6829, and cases cited under note 88.

■ Defendant further contends that it did not have actual or constructive notice of the dangerous condition of the sidewalk. With this contention we do not agree. The accident occurred in a well-established residential area. There was evidence upon which the jury could reasonably find that the dangerous condition of the sidewalk had existed continuously from ten days to two weeks prior to the accident, that for this period the city had constructive notice thereof, and that its failure to remedy this condition was negligence as a matter of law which charged the city with liability. Callahan v. City of Duluth, 197 Minn. 403, 267 N. W. 361; McClain v. City of Duluth, 163 Minn. 198, 203 N. W. 776; Mathieson v. City of Duluth, 201 Minn. 290, 276 N. W. 222.

Judgment affirmed.