## PAUL LARSON v. CITY OF MANKATO.[1]

June 19, 1953.

No. 35,990.

*William Stradtmann,* for appellant.
*B. D. Grogan,* for respondent.

CHRISTIANSON, JUSTICE.

Action is brought by plaintiff, Paul Larson, to recover damages for medical expenses and loss of services resulting from his wife's fall on a public crosswalk in the city of Mankato. The jury re-

[1]Reported in 59 N. W. (2d) 312.

turned a verdict against defendant, the City of Mankato. The trial court denied defendant's motion for judgment notwithstanding the verdict, and defendant appeals from the judgment.

At about 4:30 in the afternoon of February 8, 1952, Mrs. Larson was walking north on the west side of Hubbell avenue in the city of Mankato. Hubbell avenue runs north and south; Park Lane runs from northeast to southwest; and West Fourth street, which is south of Park Lane, runs east and west. West Fourth street runs into Park Lane and terminates immediately west of its intersection with Hubbell avenue. As a result, there is a small triangular grassy island located within the intersection formed by Hubbell avenue, Park Lane, and West Fourth street. There is no sidewalk along West Fourth street, and it is only 16 feet wide. Park Lane is a main thoroughfare and is about 80 feet wide. As Mrs. Larson stepped onto the crosswalk which extends from the southwest corner of Hubbell avenue and West Fourth street to the northwest corner of Hubbell and Park Lane, she slipped and fell on ice which had accumulated on the crosswalk and was injured.

It is undisputed that there was a substantial accumulation of ice on the crosswalk in question, that this ice was rough and uneven and was rutted and ridged by tire tracks, and that this condition caused Mrs. Larson to fall. The owner of a photographic studio located on the southwest corner of Hubbell avenue and West Fourth street testified that there had been rough ice on this crosswalk throughout the winter but that he could not say that the condition present at the time Mrs. Larson fell had existed in identical form for more than a week prior to the accident.

■ Appellant contends that the evidence is insufficient to support a finding of negligence on its part. The rule is well established that a municipality is required to exercise reasonable care in keeping its streets and sidewalks in a reasonably safe condition for pedestrians using them. 4 Dunnell, Dig. & Supp. §§ 6818, 6829. Although a city is not liable generally for injuries sustained because of mere slipperiness of its sidewalks, Henkes v. City of Minneapolis, 42 Minn. 530, 44 N. W. 1026, liability may arise if the municipality

allows ice and snow to accumulate on a sidewalk or crosswalk for such a length of time as to cause the formation thereon of slippery and dangerous ridges, depressions, hummocks, and irregularities. Woodring v. City of Duluth, 224 Minn. 580, 29 N. W. (2d) 484; Callahan v. City of Duluth, 197 Minn. 403, 267 N. W. 361; Niemi v. Village of Hibbing, 175 Minn. 366, 221 N. W. 241. Here, the record discloses that appellant allowed a substantial accumulation of rough and uneven ice which was hazardous to foot travel to remain on its crosswalk for an extended period of time. No useful purpose will be served by a detailed review of the testimony. It is enough to state that the evidence presented was sufficient to make the question of appellant's negligence an issue of fact for the jury. Cf. Callahan v. City of Duluth, 197 Minn. 403, 267 N. W. 361; Barrett v. City of Virginia, 179 Minn. 118, 228 N. W. 350; McDonough v. City of St. Paul, 179 Minn. 553, 230 N. W. 89; Niemi v. Village of Hibbing, 175 Minn. 366, 221 N. W. 241; McManus v. City of Duluth, 147 Minn. 200, 179 N. W. 906.

■ Appellant also contends that the evidence is insufficient to support a finding that the condition existed for more than ten days immediately prior to the accident as provided by appellant's city charter. Charter of Mankato 1911, § 225. Although the owner of the photographic studio was reluctant to state that the exact condition had existed for more than a week, he stated that the condition of rough and uneven ice on the crosswalk had been a continuing one throughout the winter. Viewing this fact in conjunction with the surrounding circumstances disclosed by the record, we are of the opinion that the jury could reasonably infer that the dangerous condition had existed for a period of more than ten days before the accident in question.

■ Appellant further contends that plaintiff's notice of claim was insufficient because it did not correctly state the place where his wife's injury occurred. This court has held that the description of the location of an accident in a notice of claim required by M. S. A. 465.09 is sufficient if the place of the accident is so described therein that the proper municipal officers may, through

the exercise of reasonable diligence, locate it. Louko v. Village of Hibbing, 222 Minn. 463, 25 N. W. (2d) 234; O'Brien v. City of St. Paul, 116 Minn. 249, 133 N. W. 981; Lyons v. City of Red Wing, 76 Minn. 20, 78 N. W. 868; Harder v. City of Minneapolis, 40 Minn. 446, 42 N. W. 350. Here, the place of accident was described as at or near the intersection of Hubbell avenue and Park Lane. Although appellant made no claim of surprise at the trial, it argues that the failure to specify the intersection of Hubbell avenue and West Fourth street was fatal. The evidence, however, discloses that it was not generally known that the street in question had an official name. It further appears that there were no signs or markers posted to show that it was not part of Park Lane and that this intersection is frequently referred to as Hubbell avenue and Park Lane. Furthermore, plaintiff's notice of claim stated that Mrs. Larson was walking on the sidewalk and fell as she stepped off the sidewalk onto the crosswalk. There is no sidewalk on the grassy island which separates Park Lane and West Fourth street. The trial court concluded that in view of all the facts the notice of claim was sufficient. We think this was a correct determination. Cf. Moran v. Village of Hibbing, 173 Minn. 458, 217 N. W. 495; Harder v. City of Minneapolis, 40 Minn. 446, 42 N. W. 350.

For the foregoing reasons, the trial court properly denied appellant's motion for judgment notwithstanding the verdict, and the judgment appealed from should be affirmed.

Affirmed.