LUNDEEN, RESPONDENT, *v.* LIVINGSTON ELECTRIC LIGHT COMPANY, APPELLANT.

[Submitted October 2, 1895.   Decided October 14, 1895.]

NEGLIGENCE—*Obstruction of street.*— A guy wire extended from an electric light pole and attached to a post planted across the street at a distance of two feet from the sidewalk, is, when fastened to the post four or five feet above the ground an obstruction to the free and ordinary use of the street.

SAME—*Same.*—Whether the situation of a post and guy wire constitutes an obstruction to the free and ordinary use of a street by an electric light company is a question of fact to be determined by the jury.   (*Sweeney* v. *City of Butte,* 15 Mont. 274, cited.)

SAME—*Proximate cause.*—Defendant's negligence in obstructing the free use of a street by a guy wire, strung from an electric light pole on the opposite side of the street, is the proximate cause of an injury to plaintiff where a horse ridden by another person shied against the post and broke the wire which struck plaintiff in its recoil.

*Appeal from Sixth Judicial District, Park County.*

ACTION for damages for personal injuries.   The case was tried before HENRY, J.   Plaintiff had judgment below.   Affirmed.

Statement of the case by the justice delivering the opinion.

This is an action for damages for personal injuries.

It appears from the record that the defendant corporation was on the 3d day of July, 1892, the owner of a franchise ob-

tained from the city of Livingston, authorizing it to own and operate an electric light plant for the purpose of lighting said city, and was on said day operating said plant, with poles and wires put up and established in and along the streets thereof. It became its duty, under said franchise, to so operate said plant that it should in no way obstruct the free use of the streets, alleys and public ways of said city. In placing its poles on which its wires were strung, the company had established a pole at the corner of Second and Park streets. To strengthen and support this pole, a guy wire was run from it to a post planted across Second street, in Park street, a few feet from the sidewalk on said Park street. This post, it appears, was from four to six feet high, and the guy wire was fastened around it four or five feet above the ground, and extending thence to the pole across Second street.

It appears that on said 3d day of July the plaintiff was riding at a moderate gait, on horseback, along said Park street, in company with one of the witnesses. Near the intersection of said streets a man by the name of Bender, also on horseback, passed the plaintiff. Here Bender's horse became frightened, and for a time unmanageable, and shied across the street, and ran against the guy wire, and broke it near the post to which it was fastened. The broken wire recoiled, and wound itself around the waist of the plaintiff, who was riding in the rear of Bender, pulled her from her horse to the ground and inflicted upon her serious injuries, to recover damages for which this suit is brought.

The defendant denies that it was guilty of negligence by placing and maintaining the post and guy wire in and along the streets of said city, as alleged in the complaint. It also denies the damages. The case was tried with a jury, who returned a general verdict for the plaintiff in the sum of $500. At the request of the defendant the following special findings of fact were submitted to the jury, and made and returned by them : "First. Was the pole and guy wire of the defendant company, which is alleged to have caused the accident in this case, so placed as to be dangerous to the traveling public

in the ordinary use of Park and Second streets in the city of Livingston? Answer. Yes. Second. Did the defendant company use due and ordinary care in placing the said pole and guy wire where it was placed? Answer. No. Third. Would the accident have happened, had not the horse of the witness Bender run against the pole? Answer. No."

Judgment was rendered for the plaintiff, in accordance with the verdict and findings. From this judgment and the order refusing a new trial, the defendant appeals.

*Savage & Day*, for Appellant.

The evidence was insufficient to sustain the verdict in that there was no evidence that the pole and wire, or either of them, was an obstruction of the free use of Park street in its ordinary and usual use. (*Ring* v. *City of Cohoes*, 77 N. Y. 83.) The remaining assignments of error raise the following questions: First, Where a horse becomes uncontrollable, without the fault of defendant, who is charged with keeping the roads in repair, and collides with a negligent obstruction, which causes the injury, is the defendant liable, if the accident would not have happened but for the running away of the horse? Second, Is the defendant liable because it negligently obstructed the street, without reference to the questions of proximate cause or whether the defendant might have foreseen the result of its acts? The court by giving instruction No. 2, as the law applicable to this case, decided both of these questions in the affirmative, and by its refusal to give defendant's instruction No. 16, defining proximate cause, and throwing the burden of proof on the plaintiff to show that the injury was the natural consequence of defendant's acts and such a result as defendant might have foreseen, withdrew the second question from the consideration of the jury, although in instruction No. 7 the jury were told that the negligent acts must have been the proximate cause of the injury. The liability of the defendant is no greater than that of the municipality. Neither the latter nor the defendant are insurers of travelers on the streets. They are only under obligations to render the streets fit for

such use as may reasonably be expected, and are not bound to keep them in such condition that damage may not be caused thereon by horses escaping from the control of their riders and running away. (24 Am. & Eng. Encyc. of Law, pp. 90–91.) Cities are liable for licensing or allowing to remain in the streets anything which is calculated to frighten horses that are ordinarily well behaved. But not everything which frightens vicious or timid horses is a defect. When a horse, frightened at something for which the corporation is not liable, becomes uncontrollable, and the traveller is injured by a defect in the highway, there is no liability. But if the driver loses control only for a moment the rule is otherwise. (9 Am. & Eng. Encyc., page 386.) The proposition here laid down in regard to liability when the cause of the runaway is an independent agency and the defect is merely the cause of the injury, is one upon which there is much conflict of authority. (2 Dillon on Municipal Corporations, page 1022; 24 Am. & Eng. Encyc. Law, page 98.) The doctrine applied by the court was not the correct one. (*Ring* v. *City of Cohoes*, 77 N. Y. 83; *Jackson Township* v. *Wagner*, 17 Atl. Rep. 903; *Worrilow* v. *Township of Upper Chichester*, 24 Atl. Rep. 85; *Herr* v. *City of Lebanon*, 24 Atl. Rep. 297; *Schaeffer* v. *Jackson Township*, 24 Atl. Rep. 629; *Titus* v. *Inhabitants*, 97 Mass. 258; *Horton* v. *Taunton*, Id. 266; *Fogg* v. *Nahant*, 98 Id. 578; *Stone* v. *Hubbardston*, 100 Id. 49; *Jackson* v. *Town of Belleview*, 30 Wis. 250; *Roberts* v. *Telephone Co.* (Wis.) 46 N. W. Rep. 800; *Moore* v. *Abbott*, 32 Me. 46; *Coombs* v. *Topsham*, 38 Id. 204; *Anderson* v. *Bath*, 42 Id. 346; *Moulton* v. *Sanford* 51 Id. 127; *Moss* v. *Burlington*, 60 Iowa 438; *Brown* v. *Glasgow*, 57 Mo. 156; *Beall* v. *Township of Athens* (Mich.) 45 N. W. Rep. 1014; *Bleil* v. *Detroit Street Ry. Co.* (Mich.) 57 Id. 117; *Zopfi* v. *Telegraph Co.*, 60 Fed. Rep. 987; *Campbell* v. *Stillwater*, 32 Minn. 308.)

*John T. Smith* and *A. J. Campbell*, for Respondent.

The doctrine applied by the court is set forth in Shearman & Redfield on Negligence, 4th Ed., §§ 29, 31, 33. See, also,

*Brennan* v. *City of St. Louis*, 92 Mo. 482; *Hayes* v. *Mich. Central R. R. Co.*, 111 U. S. 228; *Wolf* v. *Erie Tel. & Tel. Co.*, 33 Fed. Rep. 320; *Milwaukee & S. P. R. R. Co.* v. *Kellogg*, 94 U. S. 469; *Ivory* v. *Town of Deer Park*, 116 N. Y. 476; *Chicago & N. W. R. R. Co.* v. *Prescott*, 59 Fed. Rep. 237; *Board of Commissioners* v. *Mutchler*, 36 N. E. 534; *Town of Fowler* v. *Linquist*, 37 N. E. 133; *Smith* v. *Railroad*, L. R. 6 C. T. 21; *Higgins* v. *Dewey*, 107 Mass. 494; *Miller* v. *St. L. & I. Mt. R. R. Co.*, 90 Mo. 389; Shear. & Red. on Neg., 4th Ed. § 29.

PEMBERTON, C. J.—The defendant contends that the evidence is insufficient to sustain the verdict, in that there is no evidence that the post and wire, or either of them, constitute an obstruction of the free use of the streets, in their ordinary and usual use.

We think the evidence is ample to support the finding in this particular. The evidence is that the post to which the wire was attached was five or six feet high; that the wire was fastened to it about four or five feet above the ground. The post was placed in the street some two feet, at least, from the edge of the sidewalk. We think that the wire was attached to the post so near to the ground that if a horse, being ridden or driven by the post, shied and ran under the wire, injury would be almost inevitable to the rider or driver. The wire was hung so low that a person stepping off the sidewalk, at or near the post, in the night time, and attempting to pass under the wire, would be liable to receive serious injury by contact with it. A man of ordinary height could not pass under the wire, at or near the post, without his head coming in contact therewith. We think the post and wire were not only obstructions, but dangerous ones. It seems that ordinary foresight and prudence would have enabled the defendant to have foreseen the probable consequence of placing the post and wire in the street in the manner is which they were placed.

Whether placing the post and guy wire in the street by the defendant constituted an obstruction to the free and ordinary

use thereof was a question of fact, to be determined by the jury. (*Hayes* v. *Railroad Co.*, 111 U. S. 228, 4 Sup. Ct. 369; *Railway Co.* v. *Prescott*, 8 C. C. A. 109, 59 Fed. 237; *Sweeney* v. *City of Butte*, 15 Mont. 274, 39 Pac. 286.)

The real controversy involved in this case, we think, is found in the instructions given and refused by the court. Instruction 2, as given by the court, is as follows: The court instructs the jury that if they believe from the evidence that the plaintiff was injured and sustained damages as charged in the complaint, and that such injury was the combined result of an accident and of an obstruction in said Park street, and that the damage would not have been sustained but for such obstruction, although the primary cause was a pure accident, still if the jury further believe from the evidence that the plaintiff was guilty of no fault or negligence on her part, and the accident one which common prudence and ordinary sagacity on the part of the plaintiff could not have foreseen and provided against, then the defendant is liable, provided the jury believe from the evidence that the defendant was guilty of negligence, either in the placing of such obstruction in the street in such a manner as to prevent the free use thereof, or in not removing the same, if the same was an obstruction to the free use of said street.''

The court refused an instruction requested by the defendant, as follows: ''You are further instructed that although you may believe from the evidence that the poles and wires thus placed in Park street by the defendant were dangerous to the traveling public, in their ordinary use of the street, yet if you believe that the injury to the plaintiff was approximately caused by the act of the witness Bender's horse, while running away, in running against said pole or wire, and would not have happened but for the act of the said horse, you will find for the defendant.''

The defendant contends that the court erred in giving said instruction, and in refusing to give the one requested by it. The contention of the defendant is that plaintiff was injured as a result of Bender's horse running against and breaking the

guy wire, and that although the defendant was guilty of negligence in placing the wire in such a place and condition that the horse, under the attendant circumstances, would run against and break it, still it is not liable for damages for the injuries sustained by plaintiff. This contention proceeds upon the hypothesis that the placing of the wire in the street by the defendant must have been the sole cause of the injuries of the plaintiff; that the defendant is not liable for injuries resulting from an accidental intervening or other proximate cause, notwithstanding its negligence in placing the wire in the street. The defendant contends that the plaintiff would not have been injured if the horse had not run against and broken the wire, and therefore the defendant is not liable, however negligent it was in putting the wire in the street.

*Brennan* v. *City of St. Louis*, 92 Mo. 482, 2 S. W. 481, is very similar, in its facts and principles involved, to the case at bar. In that case the plaintiff, a child 3 years old, was with her sister, 13 years old, who was pushing a baby carriage with a baby in it, and were all on the sidewalk, close to a ditch which had existed for some months, when another little girl came up, stumbled against the plaintiff, and both fell into the ditch, and plaintiff's leg was broken. In discussing that case the court said: "The first contention is that plaintiff should have been nonsuited because, from all the evidence, it appears the condition of the street was not the cause of the accident, but that it was caused by the stumbling of the other girl. It is true, no amount of care on the part of the city government can prevent children, or, for that matter, grown people, from stumbling. All this does not relieve the city from the necessity of keeping the streets in a reasonably safe condition, though the want of care on the part of the person injured may prevent a recovery. Cases are to be found where it seems to be held, under like circumstances, that, in order to recover, it must be proved that the injury was occasioned solely by the neglect of the defendant, and not the neglect of the defendant combined with some accidental cause. But this court, in discussing a like question in *Bassett* v. *City of St. Joseph*, 53

Mo. 290, *loc. cit.* 300, said:  'It is true that, if it had not
been for the attempt of the mule to kick, the injury might not
have occurred; and it is equally true that, if there had been no
excavation at hand, the kicking of the mule would have been
harmless.'   And further on the conclusion is reached that, if
the plaintiff was without fault, she would have a right to re-
cover, notwithstanding the cause contributing to the injury
was the attempt of the mule to kick plaintiff, and she, attempt-
ing to protect herself, fell or jumped into the excavation.
The same principle, that the plaintiff may recover where he is
in the exercise of ordinary care and prudence, and the injury
is attributable to the defective street, with some accidental
cause, was again asserted in *Hull* v. *Kansas City*, 54 Mo. 598,
and must be taken as established law in this state.''

So while it may be true that plaintiff here would not have
been injured if the horse had not run against and broken the
guy wire, it is also true that the horse would not have run
against and broken it if defendant had not negligently placed
it in the street.

In *Chicago & N. W. Ry. Co.* v. *Prescott*, 8 C. C. A. 109,
59 Fed., at page 242,—a case quite similar to the one at bar,—
the court say :   '' With respect to the suggestion that the in-
juries complained of were immediately occasioned by the sud-
den shying of the horse which the plaintiff was driving, it is
only necessary to say that the shying of the horse cannot be
regarded as the sole proximate cause of the injury.   The ob-
struction which had been placed in the highway directly con-
tributed to the accident, and the jury was justified in so find-
ing.''   And see authorities cited.

This authority holds that there may be more than one cause
contributing to the injury, and that if the obstruction placed
in the street contributed to the injury, and the shying of the
horse was not the sole cause, then the defendant was liable.
The same doctrine is asserted in *Ivory* v. *Town of Deer Park*,
116 N. Y. 476, 22 N. E. 1080.

In *Hayes* v. *Railroad Co.*, 111 U. S. 228, 4 Sup. Ct. 369,
a boy walked upon defendant's track, and was injured.   It was

the duty of defendant to fence its track.    In this case the road contended that the want of a fence was not the cause of the injury; that the cause of the injury was the boy's negligently going upon the track.    In other words, the defendant contended that the want of a fence was not the sole proximate cause of the injury.    The court, in treating this contention, said :    "It is further argued that the direction of the court below was right, because the want of a fence could not reasonably be alleged as the cause of the injury.    In the sense of an efficient cause,—*causa causans,*—this is, no doubt, strictly true; but that is not the sense in which the law uses the term in this connection.    The question is, was it *causa sine qua non;* a cause which, if it had not existed, the injury would not have taken place; an occasional cause ?    And that is a question of fact, unless the causal connection is evidently not proximate.''

We think it was the duty of the defendant to have placed this guy wire so high above the ground that persons could pass under it, either on foot or horseback, in the day or night time, without danger of being injured.    Placed as it was, it was not only an obstruction to the free and ordinary use of the street, but it was dangerous to the safety of persons who had the right to travel the streets.    We think that a reasonably prudent person must have foreseen, when stringing this wire in the street as it was strung, that just such accidents and calamities were liable to occur as happened to the plaintiff in this case. Persons and corporations acquiring franchises and privileges to use the streets of towns and cities in this state, for profit, should be held to a strict observance of legal obligations to guard and protect the persons, lives and property of the inhabitants thereof.

We have treated all the questions presented which we deem material to a determination of the case.    We think the case was properly and fairly tried, and the right result reached. The judgment and order appealed from are affirmed.

*Affirmed.*

DE WITT and HUNT, JJ., concur.