McCLOSKEY, RESPONDENT, *v.* CITY OF BUTTE, APPELLANT.

(No. 6,011.)

(Submitted January 6, 1927. Decided January 24, 1927.)

[253 Pac. 267.]

*Personal Injuries—Unguarded Trap-door in Sidewalk—Dangerous Defect—Proximate Cause of Injury—Definition.*

Personal Injuries—Unguarded Trap-door in Sidewalk a Defect.
1. An unguarded trap-door maintained in a sidewalk by a business house on one of the principal streets of a city, in stepping upon which as it was being opened from below without any warning a pedestrian slipped, causing her to be thrown and injured, was a defect in the walk.

Same—Whether Obstruction in Sidewalk a Dangerous Defect, Question for Jury.
2. Whether a condition such as depicted above was a dangerous defect in the sidewalk was a question for the jury's determination from the evidence submitted.

---

1. Liability of municipality for opening in sidewalk constructed by abutting owner, see note in Ann. Cas. 1913C, 534; 61 L. R. A. 583; 7 L. R. A. (n. s.) 424; 20 L. R. A. (n. s.) 635; 43 L. R. A. (n. s.) 1118. See, also, 13 R. C. L. 405.

Same—When City Held Chargeable With Knowledge of Dangerous Defect in Sidewalk Caused by Maintenance of Trap-door Therein.
    3.   Where a city had exacted and received an encroachment tax from a business house for permission to maintain a trap-door in a sidewalk, it will not be heard to say that it did not have knowledge of existing conditions but will be held to have had knowledge thereof as well as of the use to which the door was being put.

Same—Proximate Cause—Definition.
    4.   The proximate cause of an injury is that which in a natural and continuous sequence, unbroken by any new, independent cause, produces the injury and without which the injury would not have occurred.

Same—Proximate Cause—What Constitutes.
    5.   To constitute the cause of an injury the proximate one it need not be the nearest to the event or the sole cause; if the primary cause is so linked to the succeeding events that all become a continuous whole, the one so operating on the others as to make the injury the result of the primary cause, it will be held to be the proximate cause.

Same—Sidewalks—Maintenance and Use of Trap-door Held Proximate Cause of Injury.
    6.   Under the above rules (pars. 4 and 5) *held* that the negligence of defendant city in permitting a trap-door in a sidewalk to be maintained and used in the manner it was at the time plaintiff was injured by reason of its presence there, was the proximate cause of the injury; that the opening of the door without warning was dependent upon and a natural sequence of that permission, and contributed to the continuity of the sequence.

[1]   Appeal and Error, 4 C. J., sec. 2834, p. 853, n. 59.  Municipal Corporations, 28 Cyc., p. 1354, n. 20; p. 1382, n. 88.
    [2]   Municipal Corporations, 28 Cyc., p. 1504, n. 46; p. 1505, n. 48.
    [3]   Municipal Corporations, 28 Cyc., p. 1387, n. 4; p. 1388, n. 5.
    [4]   Negligence, 29 Cyc., p. 489, n. 32, 33; p. 492, n. 52, 53; p. 493, n. 54; p. 499, n. 91.
    [5]   Negligence, 29 Cyc., p. 490, n. 41; p. 491, n. 42, 43, 44, 45, 46, 48; p. 497, n. 74, 75.
    [6]   Municipal Corporations, 28 Cyc., p. 1355, n. 30; p. 1411, n. 74; p. 1500, n. 15, 20; p. 1501, n. 21; p. 1502, n. 35.

*Appeal from District Court, Silver Bow County; Wm. E. Carroll, Judge.*

Action by Kate Cosgrove McCloskey against the city of Butte.  From a judgment for plaintiff, defendant appeals.  Affirmed.

4.   See 22 R. C. L. 110.
5.   See 22 R. C. L. 127.

[78 Mont. 180.]

*Mr. John T. Andrew* and *Mr. F. E. Blodgett,* for Appellant, submitted a brief; *Mr. Blodgett* argued the cause orally.

*Mr. James T. Fitzgerald,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE MYERS delivered the opinion of the court.

This is a personal injury damage action. Plaintiff alleges personal injury, sustained by her as a result of being thrown violently to the sidewalk, by means of and on account of an alleged defect in the sidewalk of defendant city.

The alleged defect in the sidewalk, according to her [1] complaint, consisted of a trap-door in the sidewalk on South Main Street and the use for which it was intended and to which it was put. She alleges that, at that point, there is a decline in the street, tipping or lowering to the south; that the trap-door was in front of a business house and consisted of two planks, side by side, each about seven feet long, by ten inches wide, extending north and south, with the street; that they were joined together and were from three to five inches lower than the sidewalk; that the trap-door was used by the occupant of the business house for ingress to and egress from the basement underneath the business house; that there was no guard, railing or barrier at or around the trap-door; that it was in an unusually public place, much used by pedestrians.

Defendant's answer admits the municipal incorporation of defendant city and denies generally all other allegations of the complaint.

The cause was tried to the court, sitting with a jury. The jury returned a verdict for plaintiff and awarded damages. Judgment was entered accordingly. Defendant appealed.

At the trial, plaintiff testified in her own behalf. She testified that late in the afternoon of a winter day she was walking, going south, on the sidewalk, at the point in question;

snow was falling and the sidewalk was slippery. She said that, at the outer edge of the trap-door, there was, parallel with it, in the cement sidewalk, a piece of two-by-four plank to which the trap-door was hinged; that it was some higher than the trap-door; that, when the trap-door was opened and thrown back, it fell over the two-by-four piece to the sidewalk. She said she stepped on the two-by-four piece and, it being slippery, her right foot slipped and went on the edge of the trap-door and, at that instant, without any warning, the trap-door was opened from beneath and her right foot was caught between the two-by-four piece and the trap-door, and, by that act, she was thrown violently to the sidewalk and her injury resulted. She was corroborated by other witnesses. Witnesses testified that condition in the sidewalk had existed for years and that the trap-door had been used for years.

It was shown in evidence by the city treasurer that the city, at such time, was taxing the owner of the trap-door, on account of it, as an encroachment upon the sidewalk, and was receiving revenue therefor and that it had theretofore been so doing.

When plaintiff rested, defendant moved for judgment of nonsuit. The motion was denied. Defendant then put in evidence, some of it contradicting, in some details, some of plaintiff's evidence.

The decision of this case, under the questions raised and the specifications of error assigned by defendant, depends principally upon the determination of three questions of primary importance, to-wit:

1. Was the condition complained of a defect in the sidewalk?

2. If so, did defendant have knowledge of it or should it have had such knowledge?

3. What was the proximate cause of plaintiff's injury?

We shall discuss them *seriatim.*

1. Was the condition complained of a defect in the sidewalk? That question we consider, in effect, settled by *Sweeney* v. *City of Butte,* 15 Mont. 274, 39 Pac. 286. Defendant cites that case, for a certain purpose, but, on the question of whether or not the condition complained of in the instant case was a defect, as well as in some other particulars, we consider the case authority against defendant.

That case, too, was a personal injury damage action. The pleadings and evidence in the case, as reported, show there was a cellar underneath the sidewalk. In the sidewalk were double trap-doors, used for descending into and coming out of the cellar. The doors were made to open and lie back, flat, upon the sidewalk. One evening, when there was some illumination, more or less, the doors were open, lying flat on the sidewalk. Plaintiff came along and, through the opening, fell into the cellar and was injured. The court held that the existence of the trap-doors and the use to which they were put constituted a dangerous defect in the sidewalk.

In the instant case, in our opinion, there was substantial evidence tending to prove that the condition constituted a dangerous defect in the sidewalk. It was a question of fact which was entitled to go to the jury. The jury decided it was a dangerous defect. With that decision we may not interfere. Upon that point the court, in *Sweeney* v. *City of Butte, supra,* said: "We are of the opinion that it was proper that the case go to the jury."

Whether or not a certain condition is a dangerous defect is a question of fact for a jury. Witnesses may testify only to conditions. It is for the jury to say if the conditions constitute a dangerous defect. (*Leonard* v. *City of Butte,* 25 Mont. 410, 65 Pac. 425; 28 Cyc. 1505, and cases cited.)

2. Did defendant have knowledge of the condition or should it have had such knowledge? That question is disposed of by [2, 3] the undisputed evidence that the city was and had

been exacting and receiving an encroachment tax, for and on account of the trap-door, as an encroachment on the sidewalk. City officials had accepted money therefor. It was a matter of official record. Manifestly, in the nature of things, a city cannot exact a tax for a condition, accept money for it, make it a matter of official record, and then deny knowledge of it.

As to the use of the trap-door, the city having authorized the trap-door to be used as it was used, by accepting a monetary consideration therefor, the city was thereby held to know it would be so used.

"If the dangerous thing exists for a given use, the city permitting it to so exist for such use, the city must presume that it will be so used." (*Sweeney* v. *City of Butte, supra.*)

3. What was the proximate cause of plaintiff's injury?

This court has often, in these words, defined proximate cause: [4, 5] "The proximate cause of an injury is that which in a natural and continuous sequence, unbroken by any new, independent cause, produces the injury and without which the injury would not have occurred." (*Mize* v. *Rocky Mountain Bell Tel. Co.*, 38 Mont. 521, 129 Am. St. Rep. 659, 16 Ann. Cas. 1189, 100 Pac. 971.)

Counsel for defendant urge, if plaintiff was injured in the manner in which she claims, that the opening, from underneath, of the trap-door was the proximate cause, that act being the immediate occasion of her misfortune. However, it is not necessarily so. In *Mize* v. *Rocky Mountain Bell Tel. Co., supra,* this court, speaking through Mr. Justice Holloway, said: "What intervening cause will break the chain of sequence and so far insulate the first wrongdoer's negligence from the injury as to relieve such wrongdoer? * * * To relieve the original wrongdoer the result must be such that he could not reasonably have anticipated it. In 29 Cyc. 499, the rule is stated as follows: 'The mere circumstance that there has intervened between the wrongful cause and the injurious con-

sequences acts produced by the volition of animals or persons does not necessarily make the result so remote that no action can be maintained. The test is not to be found in the number of intervening events or agencies but in their character and in the natural connection between the wrong done and the injurious consequences and, if such result is attributable to the original negligence as a result which might reasonably have been foreseen as probable, the liability continues.' What ought to be foreseen or anticipated as the probable consequence of the wrongdoer's negligence? In the first instance, it is not necessary to show that he ought to have anticipated the particular injury which did result; but it is sufficient to show that he ought to have anticipated that some injury was likely to result as the reasonable and natural consequence of his negligence.''

In *Sweeney* v. *City of Butte, supra,* the court held that the proximate cause of injury was the act of the city in permitting the trap-door to be kept in the sidewalk and to be used as it was used, and not the act of the proprietor in leaving the trap-door open, without safeguard or signal.

In *Lundeen* v. *Livingston Electric Light Co.,* 17 Mont. 32, 41 Pac. 995, the opinion of the court says: ''So, while it may be true that plaintiff here would not have been injured if the horse had not run against and broken the guy wire, it is also true that the horse would not have run against and broken it if defendant had not negligently placed it in the street.'' Paraphrasing that statement to the facts of the instant case, we may say: While it may be true that plaintiff here would not have been injured if the trap-door had not been raised while she had her foot on it, it is also true that the trap-door would not have been raised while she had her foot on it if defendant had not negligently allowed it to be placed and to remain in the sidewalk. Further quoting from that opinion: ''In *Chicago & N. W. Ry. Co.* v. *Prescott,* 8 C. C. A. 109, 59

Fed. 242, 23 L. R. A. 654, a case quite similar to the one at bar, the court says: 'With respect to the suggestion that the injuries complained of were immediately occasioned by the sudden shying of the horse which plaintiff was driving, it is only necessary to say that the shying of the horse cannot be regarded as the sole proximate cause of the injury. The obstruction which had been placed in the highway contributed to the accident and the jury was justified in so finding.' And see authorities cited. This authority holds that there may be more than one cause contributing to the injury and that, if the obstruction placed in the street contributed to the injury and the shying of the horse was not the sole cause, then the defendant was liable."

The foregoing pronouncements of law are fully upheld in *Meisner* v. *City of Dillon,* 29 Mont. 116, 74 Pac. 130; *Birsch* v. *Citizens' Electric Co.,* 36 Mont. 574, 93 Pac. 940; *Haggerty* v. *Montana Ore Purchasing Co.,* 38 Mont. 69, 25 L. R. A. (n. s.) 356, 98 Pac. 643.

It is not necessary that the proximate cause be the one nearest to the event or that it be the sole cause. (*Shippers' Compress & Warehouse Co.* v. *Davidson,* 35 Tex. Civ. App. 558, 80 S. W. 1032; *Galveston, H. & S. A. Ry. Co.* v. *Vollrath,* 40 Tex. Civ. App. 46, 89 S. W. 279; *Bowden* v. *Derby,* 99 Me. 208, 58 Atl. 993; *Fishburn* v. *Burlington & N. W. Ry. Co.,* 127 Iowa, 483, 103 N. W. 481.)

"It is not necessary that the cause of the injury should be the immediate, the last or the nearest cause, in time or distance, to the consummation of the injury. It is sufficient if it be the efficient cause which set in motion the chain of circumstances leading up to the injury and which, in natural, continuous sequence, unbroken by any new and independent cause, produced the injury. The primary cause will be the proximate cause where it is so linked and bound to the succeeding events that all create or become a continuous whole, the one so oper-

ating on the others as to make the injury the result of the primary cause. * * * As a general rule, it may be said that negligence, to render a person liable, need not be the sole cause of an injury. It is sufficient that his negligence, concurring with one or more efficient causes, other than plaintiff's fault, is the proximate cause of the injury." (29 Cyc. 490 *et seq.*, and cases cited.)

Applying the foregoing stated rule of law, upheld by the decisions of this court and the other authorities cited, what was the proximate cause of injury in the instant case?

Was the act of the permittee (permittee by virtue of a tax) [6] in raising, without warning, the trap-door an "independent" cause? If so, of what was it "independent"? Was it "independent" of the permission of the city? We think not. To the contrary, it was a dependent act; dependent upon the permission of the city to maintain the trap-door and so use it. Was the opening of the trap-door the natural sequence of the permission of the city to maintain and so use it? We hold it was. Was the sequence of the permissive authority for the maintenance of the trap-door broken by the opening of the trap-door? It was not. The opening contributed to the continuity of the sequence; it was in line with it, a part of it.

Quoting 29 Cyc. 491, was the act of the city in allowing the trap-door to be maintained and so used "the efficient cause which set in motion the chain of circumstances leading up to the injury"? Manifestly, it was. Further quoting, was that permissive attitude of the city "so linked and bound to the succeeding events that all create or become a continuous whole"? We so hold. The opening of the trap-door was merely a link in the chain of circumstances which constituted a continuous sequence of the primary cause.

In view of the preponderant authority and former decisions of this court, we are clearly of the opinion that the negligence of defendant was the proximate cause of plaintiff's injury.

Having resolved those questions in favor of plaintiff, it follows the judgment should be affirmed unless prejudicial error may be found in rulings of the trial court upon motion for judgment of nonsuit, objection to admission of evidence, motion to strike testimony, giving or refusing to give instructions.

The conclusions heretofore expressed dispose of defendant's contention that its motion for judgment of nonsuit should have been granted. There was ample evidence to go to the jury and defendant's motion was properly denied.

We have carefully considered all of defendant's specifications of error relating to rulings of the trial court with reference to admission of evidence, motion to strike testimony, giving or refusing to give instructions, and we find no prejudicial error in the record.

We think the instructions given—taken and construed as a whole—fairly presented to the jury the law of the case, without material or prejudicial error.

Counsel for defendant, in their brief, in support of their contentions, cite a number of authorities. Some of them are not applicable and others are easily distinguishable from the instant case. A careful reading of all of the cases cited fails to disclose any ground for a departure from the views herein expressed. Upon the whole, we think the case before us was fairly tried.

The judgment is affirmed.

*Affirmed.*

Mr. Chief Justice Callaway and Associate Justices Stark, Matthews and Galen concur.