BESSIE J. GALE v. FRED W. PEARCE CORPORATION.[1]

June 22, 1928.

No. 26,894.

*Loren Risk* and *Donald E. Bridgman,* for plaintiff.
*Cobb, Hoke, Benson, Krause & Faegre,* for defendant.

PER CURIAM.

Motion by plaintiff to dismiss the appeal on the stated grounds that the appeal is frivolous and taken from a nonappealable order.

The court at the close of the evidence directed a verdict in favor of the defendant, and plaintiff excepted thereto. Plaintiff moved for a new trial on the grounds of errors of law occurring at the trial, error in directing the verdict, and that the verdict is not justified by the evidence. The court

[1]Reported in 220 N. W. 156; and see 175 Minn. 622, 221 N. W. 681.

granted a new trial. The order, made January 28, 1928, did not state on what grounds the new trial was granted. On February 14, 1928, the court filed a memorandum stating that the order of January 28 was made solely on the ground of errors of law occurring at the trial, and directing that the memorandum be made a part of that order. Defendant appealed to this court.

Plaintiff contends that the memorandum filed February 14 cannot be considered a part of the order filed January 28, and that order without the memorandum being nonappealable, the appeal must fall. The memorandum is expressly directed to be made a part of the order and was made and filed before any appeal was taken and before the 30 days allowed for appeal had expired. We see no serious objection to considering the memorandum filed within that time as part of the order, for the purpose of showing the grounds upon which the order was granted.

The printed record and its brief on appeal have been submitted to this court by the defendant on the motion to dismiss. From the record it appears probable that there were no errors at the trial, unless the direction of the verdict was such error. We hold that the direction of a verdict, if erroneous, is an error of law occurring at the trial. Defendant in apparent good faith seriously urges that the direction of the verdict in its favor was justified and required under the evidence, and that the court erred in granting a new trial. Upon the record presented we cannot hold that the appeal is frivolous.

Motion denied.