## MARGARET BARRETT v. CITY OF VIRGINIA.[1]

December 27, 1929.

No. 27,629.

*E. J. Larsen,* for appellant.
*McMahon & McMahon,* for respondent.

STONE, J.

After verdict for plaintiff, defendant appeals from the order denying its alternative motion for judgment notwithstanding or a new trial.

While crossing one of the streets of defendant city on a paved crosswalk December 22, 1928, plaintiff fell and was injured. The verdict implies a jury finding that defendant was negligent. There had been enough of a snowfall so that shortly before the accident the city's snowplows had been run over both streets and sidewalks at the intersection in question. At this corner, the evidence for plaintiff is that the snow had been artificially accumulated by the plows and carried back onto the crosswalk by wheeled traffic in such fashion as to form ridges of frozen slush and mud with intervening ruts several inches deep. The evidence for defendant is

[1]Reported in 228 N. W. 350.

that the condition did not exist or at least was not as bad as the testimony for plaintiff indicates; and that whatever it was due care had been exercised to prevent and remove it. But the evidence for plaintiff was believed by the jury and that settles that issue. If the condition existed at all it had continued for a period sufficient so that defendant could be charged with notice of it. Whether plaintiff slipped or stumbled is immaterial. Her testimony is that in the nighttime she was caused to fall by reason of the deeply rutted condition on the crosswalk, which was so aggravated, according to the evidence for plaintiff, that we cannot overturn a verdict ascribing it to negligence on the part of defendant.

A municipal corporation is liable for damages resulting from its negligent failure to keep its streets reasonably safe for public use. Hillstrom v. City of St. Paul, 134 Minn. 451, 159 N. W. 1076, L. R. A. 1917B, 548; Moran v. Village of Hibbing, 173 Minn. 458, 217 N. W. 495; 4 Dunnell, Minn. Dig. (2 ed.) § 6829. The duty to exercise due care applies as matter of law as much to crosswalks as to sidewalks. Considerations of fact may frequently result in denying negligence on a crossing where under the same circumstances it might be affirmed had the accident occurred on a sidewalk. But such a difference in results would not be due to any difference in the law governing the two cases, for there is none. The degree of care required is commensurate with the circumstances. The law requiring it, in the maintenance of streets and sidewalks, does not change from case to case, but the circumstancs by which it is measured are never quite the same.

The order appealed from is affirmed.