BENSLEY, Respondent, *v.* MILES CITY, Appellant.

(No. 6,891.)

(Submitted February 9, 1932. Decided March 12, 1932.)

[9 Pac. (2d) 168.]

*Mr. Daniel L. O'Hern,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Farr & Farr* and *Mr. A. G. McNaught,* for Respondent, submitted a brief; *Mr. George W. Farr* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This action was instituted by the plaintiff against the city of Miles City and the Lindsay Miles City Company, a corporation, to recover damages for injuries alleged to have been sustained by the plaintiff on the morning of February 12, 1929, by reason of the negligent obstruction of a city sidewalk on account of which she was compelled to go into the street around the obstruction and fell upon ice which had there accumulated. At the conclusion of the plaintiff's case, on motion for a nonsuit, the action was dismissed as to the defendant Lindsay

Miles City Company. The cause was tried to a jury which rendered verdict in favor of the plaintiff, allowing her damages against the city in the sum of $1,500, upon which judgment was duly entered. The city moved for a new trial, which was by the court denied, and the case is now before us on appeal from the judgment.

The city has assigned many alleged errors as reason for a reversal of the judgment, but in our opinion but one question presented is deserving of serious consideration in disposition of the appeal, viz., Is the judgment contrary to the law?

The negligence on the part of the city upon which the plaintiff predicates her right of recovery is the maintenance of an obstruction over the sidewalk as the proximate cause of her injury rather than because of the existence of accumulated ice and snow upon the street. Therefore the effect of Chapter 45 of the Laws of 1923, as to the nonliability of a city to a person injured by falling on a slippery street or sidewalk, need not be considered, nor the question argued by counsel as to its constitutionality.

In her complaint, the plaintiff alleges that for a long time prior to her accident the city wrongfully, negligently, and unlawfully permitted the Lindsay Miles City Company to obstruct its sidewalk in front of the building in which that company was conducting its business on the west side of North Fifth Street by the erection and maintenance of a wooden platform about five feet in height, constructed and maintained for many years with the city's consent and approval, thus obstructing the passage of pedestrians using the sidewalk on the west side of North Fifth Street, and at the time of the accident and for many years prior thereto, with the knowledge of the city, the Lindsay Company stored and kept its automobiles and trucks and other conveyances in front of its place of business during business hours, so that pedestrians could not pass, and that, at the time of plaintiff's accident and injury, trucks and other vehicles were standing upon the sidewalk at that point, being backed up to the platform, entirely obstructing the sidewalk, so that pedestrians could not walk

on or over the same, and that the plaintiff, at about the hour of 11:30 in the morning while proceeding from the main business section of the city in a northerly direction towards her home on Pleasant Street from the northwest corner of the intersection of Main Street, on the west side of North Fifth Street, in the exercise of due care and caution, came to such obstructions of the sidewalk, and being in consequence unable to pass along or over the sidewalk, and being obliged to proceed on her way home, was required to, and by reason of such obstruction did, leave the sidewalk, and walk and pass around such trucks and vehicles in the exercise of due care and caution, and when at a point about 125 feet north of the southwest corner of Main and Fifth Street, between Main Street and Pleasant Street, slipped and fell upon the snow and ice which had been permitted to accumulate and remain upon North Fifth Street at and near where the platform was erected, such snow and ice being in ridges and irregular, uneven and jagged heaps, in such a manner that neither the plaintiff nor other pedestrians in the exercise of ordinary care could pass over it without danger of falling; that, as a result of such obstruction and the snow and ice on the street in rough, uneven and jagged condition at that point, the plaintiff slipped and fell upon the street, breaking her hip, thereby greatly and permanently injuring herself, as a result of which she has suffered, and will continue to suffer great pain and anguish; that her injuries are permanent; and that she has been and will be prevented from carrying on her regular duties and occupation to her great damage. ''That the plaintiff's said accident and her injuries, and the damage resulting therefrom were due solely to the said careless and negligent acts and conduct of said defendants in permitting to exist the condition of said sidewalk and street, as hereinbefore alleged, which was the proximate cause of plaintiff's said injuries and damage.''

The plaintiff testified that at the time of the accident she was wearing new high overshoes and was proceeding carefully and cautiously around the sidewalk obstructions when she

fell. She states positively that one truck was backed up against the platform, thus completely obstructing the sidewalk at that point. There was positive evidence to show that the platform was constructed and maintained with the city's express knowledge and consent; and also that the sidewalk was from day to day, over a period of nearly three years prior to plaintiff's injury, blocked by the use of trucks loading and unloading, which was known to the officers of the city.

The city by its answer, among other defenses pleaded, averred that the plaintiff herself did not exercise ordinary care, caution, or prudence to avoid the accident which was proximately contributed to and caused by the fault, carelessness and negligence of the plaintiff in this, that at the time of the accident and injury to the plaintiff there was a legally established sidewalk on the east side of Fifth Street extending from the intersection of Fifth Street with Main Street north along the full length of Fifth Street, which at all points along its entire length, and particularly between Main Street and Pleasant Street, the first street north of and parallel with Main Street, Pleasant Street being the street where the plaintiff lived, was in a safe condition for travel, and was at the time being used by the public, and it offered a safe and reasonable way of travel to the plaintiff between Main Street and Pleasant Street; that the risks of walking out upon that portion of Fifth Street used by vehicular travel were open to her observation and known to her, and that consequently, by walking out upon the street instead of using the sidewalk on the east side of Fifth Street, she did not exercise ordinary care, caution and prudence to avoid the accident. All of these allegations of the city, by way of defense, are by the plaintiff denied, and the record is wholly barren of any evidence respecting the condition of the street crossing on Main Street and of the sidewalk on the east side of Fifth Street between Main Street and Pleasant Street. From all that appears from the evidence, conditions at the time may have been, or appeared to the plaintiff to be, as bad or worse at the Main Street crossing of Fifth Street and on the sidewalk on the east side

thereof. From all that appears from the evidence, the sidewalk on the east side of the street may have been obstructed its entire length between Main Street and Pleasant Street. Therefore, upon the record facts, the city's argument as to a safer way of travel at the time provided by the city is without substance. All of the material allegations of the plaintiff's complaint were established by the evidence, and there is but little conflict in the testimony. In fact, the only conflict is as to whether the sidewalk was in truth blocked at the time.

The determinative question is, What was the proximate cause of plaintiff's injury? Was the obstruction of the sidewalk, or the slipping on the accumulated ice and snow in the street, the proximate cause of the plaintiff's injuries? The subject has many times been considered by this and other courts, and is not always easy of application.

The court instructed the jury as to the law, assigned as error by the city, that "the law empowers a city to supervise and maintain its streets and public ways, and that it is the duty of the city in furtherance of that power so conveyed, to use a reasonable effort to keep its streets, alleys and sidewalks free and clear from dangerous obstructions, and if the city or its officers fail and neglect to do so, they are liable for any damage which is the proximate result of such failure and negligence, and this, whether the city or its officers or employees placed the dangerous obstructions in or upon said streets or sidewalks, or whether said dangerous obstructions were placed there by other persons, provided the city has, or in the exercise of reasonable care should have notice of the existence of such dangerous obstructions." In our opinion, this is a correct statement of the law.

It is elementary that to justify a recovery the plaintiff must show that the defendant was negligent as charged, and that such negligence was the proximate cause of the injury. "Each of these elements is indispensable, and the law imposes upon the plaintiff the burden of proving both of them." (*Fisher* v. *Butte Electric Ry. Co.*, 72 Mont. 594, 235 Pac. 330, 332.)

"In addition to proving negligence, it was incumbent upon the plaintiff to show that the negligence was the proximate cause of the injury as a basis for recovery (*Monson* v. *La France Copper Co.*, 39 Mont. 50, 133 Am. St. Rep. 549, 101 Pac. 243; *Kern* v. *Payne*, 65 Mont. 325, 211 Pac. 767) ; and, if either of two conclusions may equally well be drawn from the testimony offered by the plaintiff, one of which bespeaks freedom from such negligence, the evidence is insufficient to support a recovery. (*Scheytt* v. *Gallatin Valley Milling Co.*, 54 Mont. 565, 172 Pac. 321.)" (*Burns* v. *Eminger*, 84 Mont. 397, 276 Pac. 437, 441.)

"Liability for injury depends upon the causal connection between the negligence or fault and the catastrophe, and attaches only when the negligence of the party charged can be said to be the sole proximate cause of the injury, as between the plaintiff and the defendant." (*Mihelich* v. *Butte Elec. Ry. Co.*, 85 Mont. 604, 281 Pac. 540, 546.) Proximate cause has been repeatedly defined by this court to be one "which in a natural and continuous sequence, unbroken by any new, independent cause, produces the injury, and without which the injury would not have occurred." (*Mize* v. *Rocky Mt. Bell Tel. Co.*, 38 Mont. 521, 16 Ann. Cas. 1189, 129 Am. St. Rep. 659, 100 Pac. 971, 973; *Stroud* v. *Chicago, M. & St. P. Ry. Co.*, 75 Mont. 384, 243 Pac. 1089; *McCloskey* v. *City of Butte*, 78 Mont. 180, 253 Pac. 267; *Mihelich* v. *Butte Elec. Ry. Co.*, supra.) And the jury was by the court so instructed Where two causes contribute to an injury, one of which is directly traceable to the defendant's negligence, and for the other of which neither party is responsible, the defendant will be held liable, provided it appears that the injury would not have been sustained but for such negligence. (*Stroud* v. *Chicago, M. & St. P. Ry. Co.* supra.) When two causes combine to produce an injury to a pedestrian on a city street, both of which are in their nature proximate, the one being a culpable defect and the other some occurrence for which neither party is responsible, the city will be held responsible, provided the injury would not have been sustained but for

such defect. (*Meisner* v. *City of Dillon,* 29 Mont. 116, 74 Pac. 130; *Wren* v. *Seattle,* 100 Wash. 67, 3 A. L. R. 1130, 170 Pac. 342.)

In the case of *Lundeen* v. *Livingston Electric Light Co.,* 17 Mont. 32, 41 Pac. 995, 996, it appeared that the Electric Light Company had fastened a guy-wire too close to the ground, and the plaintiff, who was riding a horse along the street, was passed by one Bender, also on horseback. Bender's horse became frightened and unmanageable and shied into the guy-wire which broke and recoiled, striking the plaintiff, and causing the injury for which she sought to recover damages from the Livingston Electric Light Company. Upon an appeal to this court from a judgment in favor of the plaintiff, the judgment was affirmed, and an instruction given by the court approved as a correct statement of the law, which instruction reads as follows: "The court instructs the jury that if they believe from the evidence that the plaintiff was injured and sustained damage as charged in the complaint, and that such injury was the combined result of an accident and of an obstruction in said Park street, and that the damage would not have been sustained but for such obstruction, although the primary cause was a pure accident, still if the jury further believe from the evidence that the plaintiff was guilty of no fault or negligence on her part, and the accident one which common prudence and ordinary sagacity on the part of the plaintiff could not have foreseen and provided against, then the defendant is liable, provided the jury believe from the evidence that the defendant was guilty of negligence, either in the placing of such obstruction in the street in such a manner as to prevent the free use thereof, or in not removing the same, if the same was an obstruction to the free use of said street." The defendant contended that the plaintiff's injury was the result of Bender's horse running against and breaking the guy-wire, and that, although the defendant was guilty of negligence in so placing the wire that the horse would run against it and break it, the defendant was not liable in damages because of the plaintiff's injuries. The court said: "While

it may be true that plaintiff here would not have been injured if the horse had not run against and broken the guy wire, it is also true that the horse would not have run against and broken it if defendant had not negligently placed it in the street.'' (Followed in *McCloskey* v. *City of Butte,* supra.)

There is conflict in the evidence as to whether the sidewalk was so completely obstructed as to require the plaintiff to leave the sidewalk and go into the street around the same, and no evidence to show that she had before her another and safer way. In our opinion, whether the obstruction of the sidewalk was the proximate cause of the plaintiff's injury was a proper question for the jury's determination. (*Brunnabend* v. *Tibbles,* 76 Mont. 288, 246 Pac. 536.) Again we approve the statement of the rule of law applicable to be that embodied in the instruction given in the *Lundeen Case.*

It is quite apparent that the plaintiff would not have been injured if it had not been for the existence of the snow and ice on the street where she fell in going around the obstruction on the sidewalk. However, it was a question for the jury's determination as to whether she was forced by the sidewalk obstruction to venture into the street in going around the obstruction. ''No court, so far as we are advised, has ever held that the excusable existence of snow or ice, operating merely as a contributing condition in causing an injury by some defect inherent in the sidewalk itself can be successfully asserted in absolution from liability for injuries caused by such inherent defect. The pertinent decisions are the other way.'' (*Wren* v. *Seattle,* supra.)

The judgment is affirmed.

Mr. Chief Justice Callaway and Associate Justices Ford, Angstman and Matthews concur.