REMESZ, Respondent, *v.* CITY OF GLASGOW, Appellant.

(No. 7,156.)

(Submitted November 27, 1933.   Decided January 5, 1934.)

[28 Pac. (2d) 468.]

*Mr. John M. Kline* and *Mr. Robert S. McKellar,* for Appellant, submitted a brief; *Mr. Kline* argued the cause orally.

*Mr. Thomas Dignan* and *Mr. Otis A. Hallett,* for Respondent, submitted an original and a supplemental brief; *Mr. Hallett* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This is an appeal by the city of Glasgow from a judgment in favor of the respondent, Josephine Remesz, after the city's motion for a new trial had been overruled.

The cause of action is based upon injuries resulting to the plaintiff, respondent here, from a fall caused by the defective condition of a plank covering a gutter in a crosswalk on First Avenue South of the city. The crosswalk was of concrete; originally the plank was fastened to the crosswalk by three iron straps on the underside fitting into channels in the concrete, but at the time of the accident the concrete supporting the southerly strap had disintegrated, on one side at least, leaving the strap without full support, so that if a pedestrian stepped on the southeasterly end of the board, the other end of the board would fly up. Plaintiff, with Mr. and Mrs. Czyzeski, approached the crosswalk; Mr. Czyzeski, who was a little in advance of his companions, stepped on the end of the plank

which was unsupported by the strap, and thus tilted the plank, causing plaintiff and Mrs. Czyzeski to trip over it and fall. Injuries more or less severe, were sustained by plaintiff.

The gravamen of the cause of action is that the city was negligent for failing to remedy the defect, the existence of which, plaintiff claims, it should have known. The court instructed the jury that "the law empowers a city to supervise and maintain its streets and public ways, and it is the duty of the defendant city, in furtherance of that power so conveyed, to use a reasonable effort to keep its streets, alleys and sidewalks in proper repair, free from defects and from dangerous obstructions. And if the city, or its officers, fail or neglect to do so, the city is liable for any damage which is the proximate result of such failure or negligence, provided the city had, or in the exercise of reasonable care should have had, notice of the existence of such defects and dangerous obstructions."

So far as it goes, this is a correct statement of the law. (*Bensley* v. *Miles City*, 91 Mont. 561, 9 Pac. (2d) 168.)

A city is not an insurer against accidents upon its sidewalks. "The law does not prescribe a measure of duty so impossible of fulfillment, or a rule of liability so unjust and severe. It imposes upon municipal corporations the duty of guarding against such dangers as can or ought to be anticipated or foreseen in the exercise of reasonable prudence and care. But when an accident happens by reason of some slight defect, from which danger was not reasonably to be anticipated, and which, according to common experience, was not likely to happen, it is not chargeable with negligence. (*Hubbell* v. *Yonkers*, 104 N. Y. 434, 10 N. E. 858 [158 Am. Rep. 522]; *Hunt* v. *Mayor, etc.*, 109 N. Y. 134, 16 N. E. 320; *Goodfellow* v. *Mayor, etc.*, 100 N. Y. 15, 2 N. E. 462; *Clapper* v. *Town of Waterford*, 131 N. Y. 382, 30 N. E. 240; *Craighead* v. *Brooklyn City R. Co.*, 123 N. Y. 391, 25 N. E. 387; *Lane* v. *Town of Hancock*, 142 N. Y. 510, 37 N. E. 473.)" (*Beltz* v. *City of Yonkers*, 148 N. Y. 67, 42 N. E. 401, 402, quoted in *Jones* v. *City of Sioux Falls*, 18 S. D. 477, 101 N. W. 43.)

"A municipality cannot be charged with notice of a defect unless it is so obvious as to attract attention of persons in the habit of passing along the street, although all passersby need not have noticed it, or unless there is actual notice." (43 C. J. 1051.)

The city did not have actual notice. Whether, under the evidence, it can be held to have been charged with constructive notice presents a close question. The crossing where the accident occurred is on one of the busiest corners of the city, and yet but three witnesses testified to the possession of knowledge of the defect before the accident. One, of counsel for plaintiff, long a resident of the city, has had occasion to use the crossing nearly every day, for how long a period he does not say; but two or three months before the accident he tripped on the plank and was nearly thrown. Thereupon he examined the plank and found "that at the southern end of the crosswalk the concrete was broken down so that the strap of the plank did not rest on it," and it continued in that condition until the accident to plaintiff. He did not testify as to whether the defect was readily observable to a passer-by.

Mrs. Collins, testifying for plaintiff, observed the accident. She knew of the defect, had tripped on the board probably two months before the trial. Charles A. Collins, her husband, also observed the accident. Some two or three weeks prior to that he saw a boy step on the plank and it flew up. He immediately examined the plank and ascertained why it did that; he explained the reason to the jury. He said, "The condition of the walk to which I have testified was in plain view, so it could be readily observed by anybody walking across it."

When the testimony of these three witnesses is viewed as a composite, the deduction is that the defect in the crossing existed for two or three months, during which it could have been readily observed by anybody passing over it. If the testimony of Mr. Collins is accepted, the defect was an apparent, not a latent, one. Neither of these witnesses saw fit to call the defect to the attention of the city authorities. The mayor, four aldermen and the city clerk testified they knew

the place well, and each said that he did not know there was any defective condition in the plank or in the walk at the crossing prior to the accident; some of them used this crosswalk every day and never observed anything wrong with it.

It is argued with much plausibility by counsel for the city that "the crumbled cement was so unobtruding that an ordinarily prudent person would not have observed it, and even if observed it was not of such a character that the subsequent danger could reasonably have been anticipated." But, regardless of how the members of this court might have viewed the situation if sitting as jurors, in the light of the testimony given by plaintiff's witnesses, it cannot be said there is not substantial testimony tending to show the defect was of such a character, so patent, and in existence for such a length of time, that the city authorities in the exercise of reasonable care should have observed and remedied it. Upon this hypothesis the city had constructive notice of the defect. We must conclude, upon the whole case, that this disputed issue was a question of fact to be resolved by the jury, and not a question of law for the court. (*Pullen* v. *City of Butte,* 45 Mont. 46, 121 Pac. 878.)

The jury returned a verdict in favor of plaintiff for $555.85 general, and $44.15 special damages. The city contends that the evidence is insufficient to sustain either amount. However, there was some substantial evidence, if believed by the jury, to warrant both the general and special damages.

We do not find any error in the action of the court refusing requested instructions. It follows that the judgment must be, and it is, affirmed.

Associate Justices Matthews, Stewart and Anderson concur.

Mr. Justice Angstman: I concur in the result reached in the foregoing opinion, but not with all that is therein stated. I do not agree with the rule that a municipality cannot be charged with notice of a defect in a crosswalk unless it is so obvious as to attract the attention of persons in the habit of

passing along the street. It is true that some courts lay down that broad rule. (43 C. J. 1051, and cases cited under notes 16 and 17.) But an equal or greater number of courts, and in my opinion the better reasoned cases, hold "that the municipality must exercise greater diligence to observe the condition of its streets than mere passers-by, and hence that the mere fact that the defect was hidden or not observable to passers-by, and that the municipality had no notice of it, will not exempt from liability if the defect was of such a nature that reasonable caution on the part of the municipal authorities would have discovered it." (43 C. J. 1052, notes 18 and 19, and cases there cited.)

As to streets and sidewalks there exists the duty on the part of the municipality to make reasonable inspection, and hence to use ordinary care to discover defects therein. (43 C. J. 1052.) The same is true of crosswalks. (*Barrett* v. *City of Virginia,* 179 Minn. 118, 228 N. W. 350.)