# CATHERINE CALLAHAN v. CITY OF DULUTH.[1]

May 22, 1936.

No. 30,829.

*Harry E. Weinberg* and *Robert Jaques,* for appellant.
*P. A. Burke,* for respondent.

HILTON, JUSTICE.

Appeal from an order of the district court denying defendant's alternative motion for judgment notwithstanding the verdict or for a new trial.

March 16, 1935, plaintiff, about 69 years of age, slipped and fell while crossing Lake avenue at a busy intersection in the business district of the city of Duluth. As a result of the fall she suffered

[1] Reported in 267 N. W. 361.

404

severe injuries. This action is to recover damages from the city therefor.

A municipal corporation must keep its streets in a reasonably safe condition for public use and may be held liable for damages resulting from its failure to so do. Hillstrom v. City of St. Paul, 134 Minn. 451, 159 N. W. 1076, L. R. A. 1917B, 548. Although a city is not liable generally for injuries sustained because of mere slipperiness of its streets, Henkes v. City of Minneapolis, 42 Minn. 530, 44 N. W. 1026, liability may arise if the municipality allows ice and snow to accumulate on a sidewalk or crosswalk for such a length of time as to cause the formation thereon of slippery and dangerous ridges, depressions, hummocks, and irregularities of the surface. Barrett v. City of Virginia, 179 Minn. 118, 228 N. W. 350; see Kelleher v. City of West St. Paul, 193 Minn. 487, 258 N. W. 834. It is this latter situation which is claimed to have existed in the instant case.

Plaintiff's witnesses testified that there was dark and muddy ice in a rutty, bumpy, and rigid condition on the crossing where plaintiff fell; that the jagged edges stuck up to a height of four to six inches; and that the crossing was neither sanded nor sprinkled with cinders. This testimony was somewhat contradicted by that given on behalf of the defendant, but only a fact question was raised, and it was for the jury to decide.

There was testimony that a dangerous condition had existed at the crossing for ten days to two weeks before the date of the accident. If the jury believed that evidence, it was justified in finding that sufficient time had elapsed to impute constructive notice thereof to the city. McClain v. City of Duluth, 163 Minn. 198, 203 N. W. 776; Barrett v. City of Virginia, 179 Minn. 118, 228 N. W. 350.

According to the records of the weather bureau for the city of Duluth, the temperature varied from 33 to 41 degrees above zero during the entire day before the accident, i. e., March 15. Defendant infers from this that there was thawing weather during the whole of that day and deduces that therefore the verdict is contrary to the physical facts for the reason that the dangerous condition could have existed but only a few hours before the time of the acci-

dent. It is claimed that this would not be a sufficient length of time to impute constructive notice of the condition to the city. It is conceded, however, that it might have been three degrees warmer at the point where the temperature reading was taken (600 feet above the street level) than at the place where the accident occurred. There is no direct evidence that there was any thawing at the site of the accident on March 15. Even had there been, it would not follow necessarily, in view of the fact that the temperature was within a few degrees of the freezing mark, that the accumulation of ice and snow at that point was changed from a reasonably safe condition on March 15 to the dangerous one that existed at the time of the accident. It cannot be held as a matter of law that there was such a change, especially when there is evidence that the ice was as much as four to six inches deep in places.

The jury returned a verdict of $3,000. This is claimed to be excessive. Plaintiff suffered a broken right hipbone; she was totally disabled for almost one year and will have a permanent limp due to the fact that the broken leg now is one-half inch shorter than the other. She expended over $450 for medical and hospital treatment. The verdict is no more than commensurate with the injuries sustained.

At the close of plaintiff's case the court denied a motion by defendant for a directed verdict. That motion was not renewed at the close of the evidence. In that situation defendant had no right to judgment notwithstanding the verdict. Johnson v. Hegland, 175 Minn. 592, 222 N. W. 272; Gendler v. S. S. Kresge Co. 195 Minn. 578, 263 N. W. 925; 2 Mason Minn. St. 1927, § 9495. The only question before us is whether the trial court erred in denying defendant's motion for a new trial. No objection was made that there were any errors of law occurring at the trial. Thus we need consider only the sufficiency of the evidence and the amount of damages. We find no error in either respect.

Affirmed.