## HENRIETTA MATHIESON v. CITY OF DULUTH.[1]

November 24, 1937.

No. 31,307.

*Harry E. Weinberg* and *Robert Jaques,* for appellant.
*Clarence O. Tormoen,* for respondent.

PETERSON, JUSTICE. :

On February 2, 1934, at about three o'clock in the afternoon, plaintiff, a woman 61 years of age, fell on a crosswalk in the city of Duluth and was injured. She sued the city, alleging that it had negligently failed to keep the street and crosswalk in a reasonably safe condition in that it permitted an accumulation of ice and snow to remain on the street and crosswalk for such a length of time as to cause the formation, by pedestrian and vehicular traffic, of slippery and dangerous ridges, hummocks, and irregularities on the surface of the street and crosswalk, of which condition the city had knowledge, and that as a result of this condition on the crosswalk

[1]Reported in 276 N. W. 222.

plaintiff was caused to slip and fall, sustaining permanent and disabling injuries. The city denied negligence and alleged contributory negligence on the part of plaintiff. Defendant was granted a directed verdict. Thereafter, on plaintiff's motion, a new trial was granted, the order reciting that it was granted exclusively for an error of law occurring at the trial, namely, the action of the court in directing a verdict for defendant. See Gale v. Fred W. Pearce Corp. 176 Minn. 631, 220 N. W. 156. Defendant appeals from the order granting a new trial, claiming that plaintiff's evidence fails to show any dangerous condition on the crosswalk and that it fails to show that the condition had existed long enough to have amounted to notice to the city.

◼ Plaintiff's evidence as to the condition of the crosswalk consisted of the testimony of herself and three other witnesses, two of whom were employed in stores situated at the corners of the intersection where the crosswalk is located and who had had occasion daily to witness the condition of the street and crosswalk. These witnesses testified that at the place where plaintiff fell the icy surface of the crosswalk was "ridgy" with "humps and lumps and foot prints and automobile ruts"; that the "humps of ice" walling the automobile ruts were from seven to nine inches deep and that footprints had caused ridges from four to five inches deep; that automobiles, starting from a "stop" sign on the street intersecting the crosswalk, churned the accumulated ice and snow and made the surface of the crosswalk "jagged" and irregular; that automobile and pedestrian traffic at this intersection, First avenue east and Superior street, was heavy; that this "ridgy" condition of "humps and lumps" on the icy surface of the street and crosswalk had existed for a week or two weeks and that they had witnessed no efforts by the city to obviate the condition by sanding the street or otherwise. From this testimony the jury could find that there existed on the crosswalk where plaintiff fell "slippery and dangerous ridges, depressions, hummocks, and irregularities" [see 197 Minn. 404] formed by heavy traffic on a surface of ice and snow which the defendant municipality had allowed to accumulate for a period of from one to two weeks, and that the city was negli-

gent in permitting such a condition. A municipal corporation is liable for damages resulting from its negligent failure to keep its sidewalks and crosswalks reasonably safe for public use. McClain v. City of Duluth, 163 Minn. 198, 203 N. W. 776; Barrett v. City of Virginia, 179 Minn. 118, 228 N. W. 350; Callahan v. City of Duluth, 197 Minn. 403, 267 N. W. 361.

■ The proof was amply sufficient to sustain a finding that the municipality had at least constructive notice of the dangerous condition, for the testimony shows it had existed for from one to two weeks. McClain v. City of Duluth, *supra* (condition existed six days, city held liable); Barrett v. City of Virginia, *supra* (condition existed one week, city liable); Callahan v. City of Duluth, *supra* (condition existed for from ten days to two weeks, city liable). The testimony of defendant's street foreman establishes that the city was so far apprised of the condition of the streets on and before the day of the accident that the street foreman and a crew of four were engaged in sanding the streets, and he testified that the sanding crew, on February 2, 1934, treated the particular street on which is located the crosswalk where plaintiff slipped and fell.

The evidence made a case for the jury, and it was error to direct a verdict for defendant. This error was properly corrected by the order granting a new trial.

The order is affirmed.